R. KENNETH BABB, Successor Trustee under the will of Violet B. Henderson, and KEVIN E. HENDERSON, Plaintiffs v. BYNUM & MURPHREY, PLLC, PENNY H. BELL, W. EVERETTE MURPHREY IV, AND SOUTHERN COMMUNITY BANK & TRUST, Defendants

No. COA06-876

(Filed 17 April 2007)

**Attorneys— embezzlement by law partner—Limited Liability Company Act—law firm's operating agreement**

Summary judgment was properly entered for defendant lawyer on negligence claims by a special trustee and trust beneficiary based upon fiduciary fraud and embezzlement of trust funds by defendant's law partner while the partner was acting as trustee because: (1) defendant owed no duty under the facts as shown by plaintiffs when there were no direct acts by defendant and plaintiffs' argument is based on defendant's failure to act; (2) the duty under the Limited Liability Company Act in N.C.G.S. § 57C-3-30(a) does not require defendant to investigate the acts of his law partner without defendant having some actual knowledge, and the record revealed that defendant had no actual knowledge; and (3) the law firm's operating agreement was not intended to directly benefit plaintiffs, but rather it was to directly benefit the law firm and its members.

Appeal by plaintiffs from order entered 14 March 2006 by Judge Andy Cromer in Forsyth County Superior Court. Heard in the Court of Appeals 21 February 2007.

*Robert Tally, Attorney, PC, by Robert Tally, for plaintiff appellants.*

*Urs R. Gsteiger for W. Everette Murphrey IV, defendant appellee.*

**BABB v. BYNUM & MURPHREY, PLLC**

[182 N.C. App. 750 (2007)]

McCULLOUGH, Judge.

Plaintiffs appeal from an order granting defendant's motion for summary judgment. We affirm.

## FACTS

W. Everette Murphrey IV ("defendant") was a partner at the law firm of Bynum & Murphrey, P.L.L.C. Defendant's partner at the firm was Zachary T. Bynum ("Bynum"). Plaintiff R. Kenneth Babb was the special trustee under the will of the late Violet B. Henderson, and plaintiff Kevin E. Henderson was the beneficiary of a trust under the same will.

Plaintiffs filed a complaint which alleged the following: Violet B. Henderson died in October 2000 and her will left the residue of her estate to Bynum as trustee for her grandson, plaintiff Kevin E. Henderson, who was 16 years old at the time of her death. This legacy amounted to a devise of Mrs. Henderson's Winston-Salem residence and a bequest of all money and securities on deposit in her IJL Wachovia brokerage account. Bynum also acted as attorney of record for executrix Jean B. Hendrix in the estate proceeding, and in his capacities, Bynum arranged to acquire control in the name of the trust over both the assets in the brokerage account and the real estate.

Plaintiffs claim that Bynum made numerous transactions that amounted to fiduciary fraud, embezzlement, conversion and other unlawful conduct, directly harming the trust and its beneficiary. For example, Bynum sold Mrs. Henderson's residence and later credited one of his individual accounts with the proceeds from the sale. In addition, plaintiffs claim that substantially all of the trust assets were moved or otherwise misapplied by Bynum during the year 2001.

Plaintiff Kevin E. Henderson attained the age of majority on 18 June 2002. Plaintiffs' complaint stated that neither before nor after that date until this year did plaintiff Kevin E. Henderson have any information tending to show or reason to suspect Bynum's malfeasance. The complaint stated that in 2004, he first learned from published reports that Bynum was being investigated by the North Carolina State Bar, and thereafter, Bynum met with plaintiff Kevin E. Henderson and his mother and admitted that trust funds had been misused.

Plaintiffs' complaint brought three claims against defendant: (1) for negligence in supervising Ms. Bell, an employee of the law firm;

(2) for negligence in carrying out his responsibilities in the law firm; and (3) for breach of fiduciary duty, gross negligence, malpractice and willful and wanton conduct.

Defendant filed a motion for summary judgment as to all of plaintiffs' claims. The trial court granted defendant's motion. Plaintiffs appeal.

I.

Plaintiffs contend the trial court erred in granting summary judgment for defendant. We disagree.

Granting summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "There is **no genuine** issue of material fact where a party demonstrates that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Harrison v. City of Sanford*, 177 N.C. App. 116, 118, 627 S.E.2d 672, 675, *disc. review denied*, 361 N.C. 166, 639 S.E.2d 649 (2006). On appeal from a grant of summary judgment, this Court reviews the trial court's decision *de novo. Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 573-74 (1999).

Here, plaintiffs asserted three claims against defendant: (1) for negligence in supervising Ms. Bell, an employee of the law firm; (2) for negligence in carrying out his responsibilities in the law firm; and (3) for breach of fiduciary duty, gross negligence, malpractice and willful and wanton conduct. A claim for breach of fiduciary duty is "essentially a negligence or professional malpractice claim." *Childers v. Hayes*, 77 N.C. App. 792, 795, 336 S.E.2d 146, 148 (1985), *disc. review denied*, 316 N.C. 375, 342 S.E.2d 892 (1986). Therefore, all three claims are based on negligence and will be analyzed as such.

" 'The essential elements of any negligence claim are the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff.' " *Harris v. Daimler Chrysler Corp.*, 180 N.C. App. 551, 555, 638 S.E.2d 260, 265 (2006) (citation omitted). Therefore, first we will discuss whether defendant owed plaintiffs a duty.

Here, we determine defendant owed no duty under the facts as shown by plaintiffs. Plaintiffs argue that defendant owed a duty to them based on (1) the Limited Liability Company Act and (2) the firm's operating agreement.

The Limited Liability Company Act ("Act") states:

A person who is a member, manager, director, executive, or any combination thereof of a limited liability company is not liable for the obligations of a limited liability company solely by reason of being a member, manager, director, or executive and does not become so by participating, in whatever capacity, in the management or control of the business. A member, manager, director, or executive may, however, become personally liable by reason of that person's *own acts or conduct.*

N.C. Gen. Stat. § 57C-3-30(a) (2005) (emphasis added). The issue is how far, as a matter of law, does this duty extend under the Act. Plaintiffs assert in their brief that they are "not seeking to establish [defendant] Murphrey's liability for what his fellow member—manager Bynum did, but only for his own negligent acts and omissions." However, plaintiffs' attorney agreed during oral argument that there were no direct acts by defendant, and that their theory is based on defendant's failure to act. We do not believe that the duty under the Act requires defendant to investigate the acts of Bynum without defendant having some actual knowledge, and based on our review of the record, it is apparent defendant had no actual knowledge. Therefore, given the facts of this case, we disagree with plaintiffs.

Next, plaintiffs' contend that the firm's operating agreement created a duty on the part of defendant. " 'North Carolina recognizes the right of a third-party beneficiary [sic] to sue for breach of a contract executed for his benefit.' " *Raritan River Steel Co. v. Cherry, Bekaert & Holland,* 329 N.C. 646, 651, 407 S.E.2d 178, 181 (1991) (citation omitted). In order to assert rights as a third-party beneficiary under the operating agreement, plaintiffs must show they were an intended beneficiary of the contract. *Country Boys Auction & Realty Co., Inc. v. Carolina Warehouse, Inc.,* 180 N.C. App. 141, 146, 636 S.E.2d 309, 313 (2006). We have stated that plaintiffs must show:

"(1) that a contract exists between two persons or entities; (2) that the contract is valid and enforceable; and (3) that the contract was executed for the direct, and not incidental, benefit of the [third party]. A person is a direct beneficiary of the contract

if the contracting parties intended to confer a legally enforceable benefit on that person. It is not enough that the contract, in fact, benefits the [third party], if, when the contract was made, the contracting parties did not intend it to benefit the [third party] directly. In determining the intent of the contracting parties, the court should consider the circumstances surrounding the transaction as well as the actual language of the contract. When a third person seeks enforcement of a contract made between other parties, the contract must be construed strictly against the party seeking enforcement."

*Id.* (citations omitted).

Here, the operating agreement states "[a] member shall be liable for all acts or neglect for any professional negligence for which he or she is directly responsible." The operating agreement also requires the company to comply with the Rules of Professional Conduct. We believe the intent of the parties regarding these provisions was not to directly benefit plaintiffs, rather it was to directly benefit the law firm and its members. As some evidence of our belief, neither plaintiffs nor anyone else is designated as a beneficiary of the operating agreement. Moreover, there is no argument in plaintiffs' brief to suggest that the agreement was entered into to directly benefit plaintiffs. Therefore, plaintiffs, at most, are mere incidental beneficiaries under these provisions. Accordingly, we disagree with plaintiffs.

Affirmed.

Judges HUNTER and LEVINSON concur.