Revolutionary Concepts, Inc. v. Clements Walker PLLC, 2012 NCBC 14.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
08 CVS 4333

REVOLUTIONARY CONCEPTS, INC.,
a North Carolina corporation,

                Plaintiff,

      v.

CLEMENTS WALKER PLLC, a North
Carolina professional limited liability
company;
F. RHETT BROCKINGTON, an
individual;
RALPH H. DOUGHERTY, an individual;
GREG N. CLEMENTS, an individual;
CHRISTOPHER L. BERNARD, an
individual; and
JASON S. MILLER, an individual,

              Defendants.

ORDER ON MOTIONS FOR
SUMMARY JUDGMENT

{1} THIS MATTER is before the court on Defendants' two motions for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure ("Rule(s)"). For the reasons stated below, the motions are GRANTED.

*The Harrington Practice PLLC by James M. Harrington and Glen A. Cipriani for Plaintiff Revolutionary Concepts, Inc.*

*Poyner & Spruill LLP by Cynthia L. Van Horne and E. Fitzgerald Parnell, III for Defendants Clements Walker PLLC, F. Rhett Brockington, Greg N. Clements, and Christopher L. Bernard.*

*James, McElroy, and Diehl, P.A. by Edward T. Hinson, Jr. for Defendant Ralph H. Dougherty.*

Gale, Judge.

# I. PROCEDURAL HISTORY

{2} The present action was filed in the Mecklenburg County Superior Court on February 29, 2008. The Plaintiff in the caption was stated as Revolutionary Concepts, Inc., a North Carolina Corporation,[1] however, numbered paragraph 1 of the Complaint identified Revolutionary Concepts, Inc. as a Nevada corporation. The North Carolina corporation the same day dismissed an action it had begun a month earlier in Mecklenburg County. At oral argument, Plaintiff's counsel stipulated that the present action should be deemed to have been initially filed by the Nevada corporation, which on February 29, 2008 was the assignee of the patent previously owned by the North Carolina corporation. During the pendency of this action, on August 29, 2008 the two corporations merged with the Nevada corporation as the surviving entity. Plaintiff contends that on the date of the merger, it became the successor to the rights of the North Carolina corporation, such that the North Carolina corporation should be deemed to have re-filed the earlier action within the one-year savings provision of Rule 41, or alternatively that it should be allowed to amend the Complaint with relation back.

{3} The matter was designated as a Complex Business Case by Order of Chief Justice Sarah Parker on February 29, 2008 and first assigned to Chief Business Court Judge Ben F. Tennille by Order dated March 5, 2008, and reassigned to the undersigned following Judge Tennille's retirement.

{4} Revolutionary Concepts, Inc., a North Carolina corporation ("RCI-NC") filed a professional negligence action in the Mecklenburg County Superior Court in January 2007 alleging the same acts of negligence now asserted in this action (the "Initial Action"). RCI-NC voluntarily dismissed its action without prejudice

---

[1] The Complaint also included Ronald Carter ("Mr. Carter") as an individual Plaintiff. This court dismissed his claims by its March 9, 2010 Order.

pursuant to Rule 41 on February 29, 2008.[2]  No subsequent action was filed by RCI-NC prior to its August 29, 2008 merger into RCI-NV.

{5}  Also on February 29, 2008, Revolutionary Concepts, Inc., a Nevada Corporation ("RCI-NV") filed its Complaint asserting rights as an assignee of the patent in question as a result of an assignment from the inventor, Mr. Carter. (Compl. ¶ 11).  On this date, RCI-NC remained as a separate corporation.[3]

{6}  On May 16, 2008, Defendants moved to dismiss the corporate action by RCI-NV for lack of subject matter jurisdiction asserting that the claims arise under 28 U.S.C. § 1338(a) of the patent laws and therefore fall within the exclusive jurisdiction of the federal courts.  Defendants also moved to dismiss the separate individual claims of Mr. Carter for lack of standing because he had assigned all of his patent rights.  By Order dated March 9, 2010, Judge Tennille dismissed Mr. Carter's individual claims but denied the motion to dismiss the corporation's claims finding that they are governed by state law.  Defendants appealed.  The Court of Appeals affirmed by Order dated July 5, 2011.

{7}  Following remand, on October 5, 2011, Defendants filed two motions for summary judgment.  The first motion was filed on behalf all Defendants ("Joint Motion") challenging Plaintiff's claims for malpractice, failure to supervise, respondeat superior, and misappropriation of funds.  Defendants assert that at the

---

[2] Legal malpractice claims are subject to a three (3) year statute of limitations.  *See* N.C. GEN. STAT. § 1-15(c) (2011).  The one-year "savings provisions" of Rule 41 extended RCI-NC's deadline to re-file the Initial Action through and including February 29, 2009.  N.C. GEN. STAT. § 1A-1, Rule 41 (2011).

[3] Plaintiff RCI-NV did not allege that either RCI-NC or Mr. Carter assigned to it any malpractice claim that either may have had as of February 29, 2008.  Any such effort would have raised issues as to whether a right to bring a professional negligence claim is assignable, an issue not yet squarely addressed by the North Carolina appellate courts, but which right would assuredly be challenged under general principles precluding assignment of personal tort claims.  *See Charlotte-Mecklenburg Hosp. Auth. v. First of Ga. Ins. Co.*, 340 N.C. 88, 91, 455 S.E.2d 655, 657 (1995), *rehearing denied*, 340 N.C. 364, 458 S.E.2d 186 (1995) (indicating that the assignment of personal torts "gives the assignee control of the claim and promotes champerty.  Such a contract is against public policy and is void"); *see also Horton v. New South Ins. Co.*, 122 N.C. App. 265, 269, 468 S.E.2d 856, 858 (1996) (indicating that bad faith refusal to settle insurance claim, breach of fiduciary duty, and tortious breach of contract claims based on contractual relationship are unassignable); *see also Investors Title Ins. Co. v. Herzig*, 330 N.C. 681, 689, 413 S.E.2d 268, 272 (1992) (indicating that assignment of personal tort claims "would wreak havoc by creating a market for claims of a personal nature").  The court need not reach the issue in this case.

time this action for professional negligence was instituted, the real party in interest for any such claim was not RCI-NV, but RCI-NC, the Defendants' client at the time of the acts complained of, and that the action is now time-barred because RCI-NC failed to re-file its action prior to February 29, 2009, one year following RCI-NC's Rule 41 dismissal. The second motion ("Individual Motion") was filed on behalf of Greg N. Clements ("Clements") and Christopher L. Bernard ("Bernard") based on the limitation of liability provision of N.C. Gen. Stat. § 57C-3-30. The motions have been fully briefed, the Court heard oral argument, and the motions are now ripe for disposition. Although a grant of the Joint Motion would resolve the case, Defendants request that the court rule as well on the Individual Motion to facilitate a complete appellate review.

## II. STATEMENT OF FACTS

{8} The court does not make findings of fact when ruling upon a motion for summary judgment, but rather determines whether the record discloses facts which are not in material dispute or the omission of facts that cannot be supplied which dictate that the claims should be dismissed as a matter of law. It is, however, appropriate that the court delineate those undisputed facts or lack of facts which the record discloses in order to provide context for the court's ruling on the motion. *See Hyde Ins. Agency v. Dixie Leasing Corp.*, 26 N.C. App. 138, 215 S.E.2d 162 (1975). The following recited facts are either not disputed by the record, or if contested, are accepted and construed in favor of Plaintiff.

{9} Plaintiff RCI-NV is a Nevada corporation with a principal place of business in Matthews, Mecklenburg County, North Carolina. RCI-NC was a North Carolina corporation. RCI-NC and RCI-NV remained separate corporations until August 29, 2008, when RCI-NC merged into RCI-NV leaving RCI-NV as the surviving entity post-merger.

{10} Defendant Clements Walker PLLC ("CW") is a North Carolina professional limited liability company with a principal place of business in

Mecklenburg County, North Carolina. CW was formerly known as Dougherty Clements Law Group PLLC and Clements & Hofer PLLC.

{11} Defendant F. Rhett Brockington ("Brockington") is an individual who, at the time of the conduct complained of, was employed by CW as a patent agent. Brockington is registered to practice before the Untied States Patent and Trademark Office ("USPTO") but is not a licensed attorney.

{12} Defendants Ralph H. Dougherty ("Dougherty"), Clements, and Bernard maintain their principal place of business in Charlotte, Mecklenburg County, North Carolina. Each are licensed North Carolina attorneys who are registered or licensed to practice before the USPTO.

{13} Mr. Carter is the inventor named in an October 9, 2003 application (the "Application") for a United States Patent entitled "AUTOMATED AUDIO VIDEO MESSAGING AND ANSWERING SYSTEM." (Compl. ¶¶ 9–10.)

{14} In August 2003, Mr. Carter retained CW to prepare and file the Application. (Compl. ¶ 20.)[4] After presenting Mr. Carter with a standard fee agreement, the firm filed the Application with the USPTO according to its usual procedures. (Compl. ¶¶ 21–22.) As part of the Application, Mr. Carter requested that the firm file a Nonpublication Request (the "Request") pursuant to 35 U.S.C. § 122, so that the Application would not be published by the USPTO until after it was issued as a patent. (Compl. ¶ 23.) Pursuant to 35 U.S.C. § 122, an applicant must rescind the Request and notify the USPTO within forty-five (45) days of any foreign patent filing. (Compl. ¶ 23.)

{15} On July 19, 2005, Mr. Carter and RCI-NC asked CW and Brockington[5] to prepare and file an application for international patent rights (the "PCT

---

[4] Defendants contend that any attorney-client relationship was only with Mr. Carter individually. They acknowledge that for purposes of summary judgment, the court must assume that an attorney-client relationship existed with RCI-NC; however, Defendants indicate that Plaintiff has made no argument and points to no evidentiary record establishing that the Defendants were ever asked to undertake legal representation of RCI-NV which had retained separate counsel.

[5] Plaintiff alleges that Defendant Dougherty was the attorney responsible for supervising the actions of Brockington related to the Application and PCT Application.

Application") pursuant to procedures established by the Patent Cooperation Treaty and corresponding United States law. (Compl. ¶ 24.) RCI-NC paid CW three-thousand-six-hundred dollars ($3,600.00) for the preparation and filing of the PCT Application. (Compl. ¶ 25.)

{16} Thereafter, CW prepared, and Mr. Carter signed, paperwork for the PCT Application naming RCI-NC as applicant and Mr. Carter as the inventor; but the PCT Application was never filed by either CW, Brockington, or Dougherty. (Compl. ¶¶ 25–26.) Despite the failure to file the PCT Application, on September 15, 2005, Brockington filed a form with the USPTO rescinding the previous Request causing the Application to be published by the USPTO on December 29, 2005. (Compl. ¶ 27.) Plaintiff alleges foreign patent rights were then lost.

{17} On July 17, 2006, Mr. Carter assigned his entire right, title, and interest in the Application to RCI-NV. (Compl. ¶ 11.)

{18} Plaintiff contends that Defendants' failure to file the PCT Application prior to publication of the domestic Application was an act of professional negligence which precludes Plaintiff from satisfying the "absolute public novelty" requirement necessary for a successful patent application in many foreign countries including the European Union and Japan. (Compl. ¶ 29.)

{19} At the time this action was filed, RCI-NV was the assignee of the patent and had rights to prosecute the patent. RCI-NC and Mr. Carter no longer had such rights.

{20} The Complaint indicates that the primary acts alleged to constitute professional negligence occurred prior to the patent assignment.

{21} The Complaint does not assert requests or payment for services by the Defendants from RCI-NV after the date of the assignment.

{22} The Complaint does not allege that any attorney-client relationship existed between Defendants and RCI-NV prior to the date of the assignment.

## III. STANDARD OF REVIEW

{23} Pursuant to Rule 56(c), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. GEN. STAT. § 1A-1, Rule 56(c) (2011). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, which may be met by proving that an essential element of the opposing party's claim is non-existent. *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002). If the movant successfully makes such a showing, the burden shifts to the nonmovant to present specific facts establishing the presence of a genuine factual dispute for trial. *Lowe v. Bradford*, 305 N.C. 366, 369–70, 289 S.E.2d 363, 366 (1982).

## IV. ANALYSIS

### A. The Joint Motion

{24} The Joint Motion contends that: (1) any professional negligence claim must have been presented by RCI-NC, the real party in interest; (2) the Initial Action presenting that claim was voluntarily dismissed on February 29, 2008; (3) RCI-NV did not have standing to assert and did not assert professional negligence claims owned by Carter or RCI-NC when filing the present action on February 29, 2008; (4) RCI-NC failed to reassert its claim for professional negligence prior to February 29, 2009 when such claim became time-barred; and (5) even if RCI-NV succeeded to RCI-NC's claims by operation of law as a result of the August 29, 2008 merger, it succeeded only to such pending actions that had been instituted by RCI-NC, and RCI-NV cannot now claim that the present action instituted prior to the merger to enforce RCI-NV's rights as a patent assignee was converted into an action to enforce claims owned by RCI-NC but not asserted by RCI-NC prior to the merger.

{25} Plaintiff contends that the Joint Motion exalts form over substance and that either the Complaint in the present action should be amended pursuant to Rule 15 to specify that it is being continued to enforce rights owned by RCI-NC,

with such amendment relating back to the date of original filing, or alternatively that the court should determine that RCI-NV, as of the date of the merger, became the real party in interest pursuant to Rule 17 to assert claims formerly owned by RCI-NC, and construe the Complaint such that RCI-NC should be deemed to have re-filed its professional negligence claim before February 29, 2009, within Rule 41's one-year savings provision without the necessity of a new action.

{26} The Parties do not dispute that had RCI-NC itself brought a second action prior to the August 29, 2008 merger, then such action would properly continue after August 29, 2008 and could do so in the name of either corporation. The question presented here is instead whether an action brought prior to the merger by the merger successor can legitimately be claimed to have been an action by the predecessor company which had not itself brought such an action.

{27} Under Rule 17, "[e]very claim shall be prosecuted in the name of the real party in interest." N.C. GEN. STAT. § 1A-1, Rule 17(a) (2011).

{28} RCI-NC filed the Initial Action in its own name before voluntarily dismissing the Complaint on February 29, 2008. Pursuant to Rules 41, RCI-NC's claim was then barred unless it was re-filed on or before February 29, 2009. N.C. GEN. STAT. § 1A-1, Rule 41 (2011).

{29} RCI-NC did not itself re-file the action within one (1) year of the dismissal. Accordingly, RCI-NC's suit is time-barred unless the action by RCI-NV filed in its own name pre-merger can be considered to have become an action by RCI-NC as of the date of the merger.

{30} The undisputed evidence indicates that RCI-NC had no title, right, or interest in the Application as of February 29, 2008, the date on which RCI-NV filed this action. The undisputed evidence is that: (1) the July 17, 2006 agreement assigns all of Mr. Carter's right, title, and interest in the Application to RCI-NV, not RCI-NC; (2) Mr. Carter's sworn deposition testimony indicates that he intended to assign his right, title, and interest in the Application to RCI-NV, and that no person or entity other than RCI-NV ever received assignment of the Application (Dep. of Ronald E. Carter ("2nd Carter Dep.") 81:16–82:5, May 25, 2010); and (3) RCI-NC

and RCI-NV were separate corporations until the August 2008 merger, which occurred almost six (6) months after the filing of the Complaint.

{31} "[I]n the event of a merger between two corporations, the surviving corporation succeeds by operation of law to all the rights, privileges, immunities, franchises and other property of the constituent corporations, without the necessity of a bill of sale, or other form of assignment." *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 204, 271 S.E.2d 54, 58 (1980) (citation omitted). N.C. Gen. Stat. § 55-11-06(a)(4) indicates that post-merger, "[a] proceeding pending by or against any merging corporation may be continued as if the merger did not occur or the surviving corporation may be substituted in the proceeding for a merging corporation whose separate existence ceases in the merger." N.C. GEN. STAT. § 55-11-06(a)(4) (2011).

{32} If RCI-NC had been the Plaintiff in this action, the suit would properly continue after the merger irrespective of whether the surviving entity was substituted as a party. However, such an action brought by RCI-NC prior to the merger could not have properly asserted rights in the patent or Application because those rights had been assigned to RCI-NV. Likewise, RCI-NV does not claim it had been assigned RCI-NC's tort claims. Presumably, these facts animated RCI-NC's dismissal of its action on February 29, 2008 and the separate filing by RCI-NV that same day. Those two actions also suggest that the intent was to concentrate on the patent rights which had been assigned, and to prosecute those rights by RCI-NV, the real party in interest. RCI-NV now seeks to have the action construed as the professional negligence claim it could not have asserted on February 29, 2008. It did not itself establish an attorney-client relationship with Defendants; it seeks now to rely on the professional relationship between Defendants and RCI-NC and acts which were complete prior to February 29, 2008. Plaintiff seeks to invert N.C. Gen. Stat. 55-11-06(a)(4). It argues that as of the time of the merger, an action brought in the name of RCI-NV pre-merger was converted by the merger into an action by RCI-NC. The court is unaware of any legal authority to support this argument.

{33} Plaintiff contends that if this result did not arise by operation of law, the court should then, in fairness and equity, allow RCI-NV now to amend the Complaint from one asserting rights of RCI-NV as assignee, which were the only rights RCI-NV could have asserted at the time the Complaint was filed, to a Complaint asserting rights by RCI-NC which RCI-NC had not brought, and to have such amendment be effective as of February 29, 2008.

{34} During oral argument, Plaintiff made an oral Motion to Amend the Complaint pursuant to Rule 15 ("Rule 15 Motion") to cure the "technical defect" and to have the amendment relate back. Under Rule 15(c), an amendment relates back to the time of the original pleading "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleadings." N.C. GEN. STAT. § 1A-1, Rule 15(c) (2011). Here, the Complaint clearly alleges that patent rights had been assigned to and were now being asserted by RCI-NV as assignee. (Compl. ¶¶ 1, 10, 11, 32, 39.) The Complaint gives no fair notice that the suit was intended rather to be a re-filing of the professional negligence claim by RCI-NC which had been dismissed that same day.[6] Even if the court were to now allow RCI-NV to amend its Complaint to assert rights previously owned by RCI-NC, such amendment should not relate back, and RCI-NC's claims for professional negligence would remain time-barred.

{35} Plaintiff's oral Rule 15 Motion is DENIED.

{36} Plaintiff's Rule 17 argument is similarly unavailing. At the time this action was filed, RCI-NV was the real party in interest for any claims based on the July 17, 2006 assignment agreement while RCI-NC was the real party in interest for any tort claims arising out of the attorney-client relationship that existed between the Defendants and RCI-NC which had not been assigned. RCI-NV stipulated that it brought the present action in its own name as assignee. Even though RCI-NV post-merger become a proper party to bring tort claims that had been owned by RCI-NC, it did not, in fact, bring them prior to February 29, 2009

---

[6] RCI-NC and Mr. Carter could have but did not request that their Complaint in the Initial Action be amended to join claims by RCI-NV as assignee.

when they became time-barred.  The mere act of the merger does not equate to the filing of an action by or on behalf of RCI-NC.  Stated otherwise, the mere fact that RCI-NV might have by the merger become the real party in interest to assert the tort claims does not mean that the merger itself was the actual exercise of the right to bring those claims.  RCI-NV could have but did not bring an action based on those tort claims and they became time-barred on February 29, 2009.

{37}  Defendants' Joint Motion for summary judgment is then GRANTED.


## B.  The Individual Motion

{38}  Clements and Bernard separately seek summary judgment dismissing the claims against them for malpractice, failure to supervise, and respondeat superior asserting that they are protected from liability under N.C. Gen. Stat. § 57C-3-30.  They also seek summary judgment on Plaintiff's claim for misappropriation of funds asserting that they did not personally receive the allegedly misappropriated funds or play any role in the manner in which the funds were used.[7]

{39}  N.C. Gen. Stat. § 57C-3-30 provides, in pertinent part:

A person who is a member, manager, director, executive, or any combination thereof of a limited liability company is not liable for the obligations of a limited liability company solely by reason of being a member, manager, director, or executive and does not become so by participating, in whatever capacity, in the management or control of the business.  A member, manager, director, or executive may, however, become personally liable by reason of that person's own acts or conduct.

N.C. GEN. STAT. § 57C-3-30 (2011).

{40}  Plaintiff's theory of liability is predicated upon Clements' and Bernard's failure to detect and supervise the activities of Brockington in filing or failing to file documents associated with the Application and PCT Application.  The critical

---

[7]  At oral argument and in its Response Brief in Opposition to Defendants' Second Motion for Summary Judgment, Plaintiff conceded that neither Clements nor Bernard received any of the funds alleged to have been misappropriated and that those claims should be dismissed.

inquiry then is whether Clements' and Bernard's failure to supervise Brockington can be considered their "own acts or conduct" within the meaning of the statute.

{41} The Court of Appeals was called upon to decide a similar issue in *Babb v. Bynum & Murphrey*, 182 N.C. App. 750, 643, S.E.2d 55, *cert. denied*, 362 N.C. 233, 659 S.E.2d 434 (2008). In *Babb*, the plaintiff sought to impose personal liability on a member of the defendant law firm based on his alleged failure to detect the felonious activities of his colleague and failing to supervise a paralegal. In finding that such a failure to act does not satisfy the "own acts or conduct" requirement of N.C. Gen. Stat. § 57C-3-30, the court held the duty created by the statute does not impose an affirmative obligation to investigate the actions of others in the firm absent actual knowledge of the wrongdoing, and that the plaintiff had failed to offer evidence demonstrating the individual defendant's knowledge of the wrongdoing. *Babb*, 182 N.C. App. at 753, 643 S.E.2d at 57; *see Spaulding v. Honeywell Int'l, Inc.*, 184 N.C. App. 317, 646 S.E.2d 645 (2007) (finding no individual liability for the LLC's acts where plaintiff failed to allege any acts by the individual member and the member did not undertake an independent duty to guarantee worker safety at the LLC's plant).

{42} Here, Plaintiff has similarly failed to offer evidence demonstrating (1) that Clements or Bernard were on notice that Brockington was in need of supervision; or (2) that Clements or Bernard were assigned or accepted responsibility for supervising Brockington in Dougherty's absence. The absence of such evidence is fatal to Plaintiff's claims against Clements and Bernard.

{43} Because Plaintiff has failed to allege that Clements' and Bernard's own acts or conduct contributed to the alleged malpractice, there is no genuine issue of material fact, and the Individual Motion for summary judgment is GRANTED.

## V. CONCLUSION

{44} For the reasons stated, the two motions for summary judgment are GRANTED. Plaintiff's Complaint is hereby DISMISSED.

IT IS SO ORDERED, this 8th day of March, 2012.