**REVOLUTIONARY CONCEPTS, INC. v. CLEMENTS WALKER PLLC**

[227 N.C. App. 102 (2013)]

———————————

REVOLUTIONARY CONCEPTS, INC., a North Carolina corporation, and
RONALD CARTER, Plaintiffs

v.

CLEMENTS WALKER PLLC, a North Carolina professional limited liability company;
F. RHETT BROCKINGTON, an individual; RALPH H. DOUGHERTY, an individual;
GREG N. CLEMENTS, an individual; CHRISTOPHER L. BERNARD, an individual; and
JASON S. MILLER, an individual, Defendants

No. COA12-1167

Filed 7 May 2013

1.  **Jurisdiction—standing—professional malpractice—assignment invalid—claim vested**

    The trial court erred in a professional malpractice case by concluding that plaintiff Carter lacked standing to assert the claims. Malpractice claims are not assignable in North Carolina so Carter's attempted assignment was invalid. Furthermore, Carter's right to assert this claim had vested prior to the attempted assignment.

2.  **Jurisdiction—standing—professional malpractice—assignment invalid—no post-merger action to assert claims**

    The trial court did not err in a professional malpractice case by concluding that plaintiff RCI-NV did not have standing to assert the malpractice claims at issue and granting defendants' motion for summary judgment. RCI-NV did not acquire the claims as a result of the assignment from RCI-NC and RCI-NV did not take any action post-merger to assert those claims as the surviving entity of the merger.

REVOLUTIONARY CONCEPTS, INC. v. CLEMENTS WALKER PLLC

[227 N.C. App. 102 (2013)]

3. **Parties—motion to amend complaint—futile—claims time-barred—motion to substitute party—failure to substitute within reasonable time**

The trial court did not err in a professional negligence case by denying plaintiff's N.C.G.S. § 1A-1, Rule 15 motion to amend the complaint to add RCI-NC as a plaintiff and by not giving post-merger RCI-NV the opportunity to be substituted in as the real party in interest pursuant to Rule 17. Plaintiff's claims would have been time-barred and the amendment would have been futile and plaintiffs failed to offer any compelling reason why they failed to substitute RCI-NV in a reasonable time after the merger.

4. **Attorneys—professional malpractic—failure to supervise—no knowledge of wrongdoing**

The trial court did not err in a professional malpractice case by granting defendants Clements' and Bernard's individual motions for summary judgment. Plaintiff failed to present evidence that Clements and Bernard knew that another member of the limited liability company was engaged in wrongdoing.

Appeal by plaintiffs from orders entered 9 March 2010 by Chief Special Superior Court Judge for Complex Business Cases Ben F. Tennille and 8 March 2012 by Superior Court Judge for Complex Business Cases James L. Gale in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 February 2013.

*Harrington Law, P.C., by James M. Harrington, for plaintiffs-appellants.*

*Poyner Spruill LLP, by Cynthia L. Van Horne and E. Fitzgerald Parnell, III, for defendants-appellees Clements Walker, PLLC, F. Rhett Brockington, Greg N. Clements, and Christopher L. Bernard.*

*James, McElroy & Diehl, P.A., by Edward T. Hinson, Jr. and John S. Arrowood, for defendant-appellee Ralph H. Dougherty.*

HUNTER, Robert C., Judge.

Plaintiffs Revolutionary Concepts, Inc. and Ronald Carter appeal the order issued 9 March 2010 granting defendants' motions to dismiss Ronald Carter's claims for lack of standing and the order issued 8 March

2012 granting defendants' motion for summary judgment. After careful review, we reverse and remand in part and affirm in part.

## Background

Ronald Carter ("Carter") is the inventor of a certain technology known as an "Automated Audio Video Messaging and Answering System." Carter is the founder and owner of Revolutionary Concepts, Inc., a North Carolina corporation ("RCI-NC"). At some point, Carter also founded Revolutionary Concepts, Inc., a Nevada corporation ("RCI-NV"), which is the plaintiff in the current appeal. The defendants include: (1) Clements Walker, PLLC ("CW"), a law firm; (2) F. Rhett Brockington ("Brockington"), a patent agent employed by CW; and (3) Ralph Dougherty ("Dougherty"), Gregory N. Clements ("Clements"), Christopher Bernard ("Bernard"), and Jason Miller ("Miller"), all licensed patent attorneys employed by CW.

In 2003, Carter retained CW to file an application for a patent ("application") in the United States Patent and Trademark Office ("USPTO"). However, to protect his right to obtain patent protection for his invention in foreign jurisdictions, Carter requested defendants not publish his application until he could file an application for international patent rights under procedures established by the Patent Cooperation Treaty and U.S. law (the "PCT application"). In July 2005, Carter and RCI-NC requested CW file the PCT application. However, Carter and RCI-NV allege that defendants never filed the PCT application, and Brockington filed a form causing the application to be published by the USPTO on 29 December 2005. As a result, Carter and RCI-NV were unable to obtain patent protection for their invention in foreign jurisdictions.

Prior to the commencement of the current action, on 17 July 2006, Carter assigned all rights, title, and interest in the application to RCI-NV. On 19 January 2007, RCI-NC and Carter filed a complaint against defendants[1] asserting claims of professional malpractice, failure to supervise, respondeat superior, misappropriation of funds, and breach of contract. RCI-NC and Carter voluntarily dismissed the claims against defendants Clements, Walker, Bernard, Miller, and CW on 7 February 2007. RCI-NC and Carter filed an amended complaint that same day against defendants. This amended complaint was also voluntarily dismissed on 29 February 2008. RCI-NC did not refile any claims against defendants.

---

1. This initial complaint was commenced against Dougherty & Clements Law Group PLLC, which is now known as Clements Walker PLLC. All other defendants were the same.

. On 29 February 2008, the same day RCI-NC's complaint was voluntarily dismissed, RCI-NV[2] and Carter (collectively "plaintiffs") filed a complaint against defendants alleging six causes of action. This 29 February 2008 complaint is the subject of the current appeal. Plaintiffs asserted six causes of action: (1) professional malpractice of a patent agent against Brockington individually; (2) professional malpractice by attorneys against CW, Bernard, Clements, Dougherty, and Miller; (3) failure to supervise a non-attorney employee against CW, Clements, Bernard, Miller, and Dougherty; (4) respondeat superior against CW, Clements, Bernard, Miller, and Dougherty for failing to supervise Brockington; (5) misappropriation of funds against all defendants; and (6) breach of contract against all defendants. The case was designated as a mandatory complex business case and assigned to the North Carolina Business Court. At some point, the breach of contract claim was dismissed. Moreover, it appears that defendant Miller was dismissed from the case as pleadings filed after the complaint do not list him as a defendant. However, there is nothing in the record evidencing this. After plaintiffs filed the 29 February 2008 complaint, on 14 August 2008, RCI-NC and RCI-NV merged, with RCI-NV as the surviving entity.

In May 2008, defendants moved to dismiss the action on two grounds. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), defendants contended that because the case arose under the patent laws, it falls under the exclusive jurisdiction of the federal courts. Moreover, defendants argued that, pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and (6), Carter had no standing to bring the claims asserted because he had transferred all of his rights, title, and interest in the application to RCI-NV.

On 9 March 2010, the Honorable Ben F. Tennille granted defendants' motion to dismiss Carter for lack of standing and denied defendants' motion to dismiss for lack of jurisdiction[3] (the "2010 Order"). With regards to the standing issue, the trial court concluded that all the remaining claims, besides the breach of contract claim that had already been dismissed, "belong to [RCI-NV], the undisputed assignee of the

---

2. While the caption of the 29 February 2008 complaint lists RCI-NC as the plaintiff, the body refers to the plaintiff as RCI-NV. Moreover, the parties stipulated that the actual plaintiff in this complaint was RCI-NV, not RCI-NC.

3. Defendants appealed the 2010 Order and petitioned this Court for a writ of *certiorari*. In an unpublished opinion, the Court dismissed the appeal and denied *certiorari*. *Revolutionary Concepts, Inc. v. Clements Walker, PLLC*, __ N.C. App. __, 714 S.E.2d 210 (2011).

REVOLUTIONARY CONCEPTS, INC. v. CLEMENTS WALKER PLLC

[227 N.C. App. 102 (2013)]

technology"; thus, Carter no longer had any standing to assert a claim against defendants.

On 7 October 2011, defendants jointly moved for summary judgment (the "joint MSJ"). Specifically, defendants contended that the claims of malpractice, failure to supervise, and respondeat superior should be dismissed because: (1) RCI-NV (the only remaining plaintiff in the action) was not a client of defendants; and (2) RCI-NV cannot establish it suffered damages as a proximate result of any act or omission of defendants. Defendants Clements and Bernard moved separately for summary judgment (the "individual MSJ"), arguing that they are protected from liability as members of a limited liability company pursuant to N.C. Gen. Stat. § 57C-3-30.

On 8 March 2012, Judge James L. Gale entered an order: (1) granting the joint MSJ; (2) denying RCI-NV's oral Rule 15 motion to amend its complaint; (3) denying RCI-NV's Rule 17 motion; and (4) granting the individual MSJ.[4] For purposes of this opinion, this order is referred to as the "2012 Order." Plaintiffs appealed both the 2010 and 2012 Orders.

## Arguments

### A.   The 2010 Order

[1] Plaintiffs first argue that the trial court erred by concluding Carter lacked standing to assert the malpractice claims because this conclusion is inconsistent with the trial court's 2012 Order.[5] Because we conclude that malpractice claims are not assignable in North Carolina, we agree that the trial court erred in dismissing Carter's claims for lack of standing.

In order for a court to have subject matter jurisdiction to hear a claim, the party bringing the claim must have standing. *Estate of Apple v. Commercial Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16, *disc. review denied*, 359 N.C. 631, 613 S.E.2d 688 (2005). Standing may be challenged by a Rule 12(b)(1) motion. N.C. Gen. Stat. § 1A-1, Rule 12 (2011). This Court reviews the trial court's granting of a motion

---

4. We note that the transcript of this hearing was not included in the record on appeal. This Court requested plaintiffs' counsel file one but none was ever received.

5. While we note that plaintiffs' 29 February 2008 complaint included additional causes of action than the malpractice claims, their arguments on appeal focus only on the malpractice claims. Thus, we do not address plaintiffs' other claims for relief in their complaint on appeal.

to dismiss under Rule 12(b)(1) *de novo. Blinson v. State*, 186 N.C. App. 328, 334, 651 S.E.2d 268, 273 (2007).

In the 2010 Order, the trial court concluded that once Carter assigned all his rights, title, and interest in the application to RCI-NV on 17 July 2006, he no longer had standing to assert the tort claims against defendants. Instead, "[t]he remaining claims belong[ed] to [RCI-NV], the undisputed assignee of the technology." Implicit in this conclusion is that malpractice claims are assignable in North Carolina.

Our Courts have not specifically addressed whether malpractice claims are assignable. However, they have generally addressed the assignability of tort claims and have held that "[a]n action 'arising out of contract' generally can be assigned." *Horton v. New S. Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (1996). In contrast, "assignments of personal tort claims are void as against public policy because they promote champerty. Personal tort claims that may not be assigned include claims for defamation, abuse of process, malicious prosecution or conspiracy to injure another's business, unfair and deceptive trade practices and conspiracy to commit fraud." *Id.* (internal citations omitted). Since our courts have not yet specifically addressed the assignability of malpractice claims, we will examine how other jurisdictions treat this issue.

The majority of courts have held that legal malpractice claims are unassignable as a matter of public policy. *Can Do, Inc. Pension & Profit Sharing Plan & Successor Plans v. Manier, Herod, Hollabaugh & Smith*, 922 S.W.2d 865, 868 (Tenn. 1996); *see also Botma v. Huser*, 39 P.3d 538, 541-42 (Ariz. Ct. App. 2002) (holding that "[legal] [m]alpractice claims are regarded as personal injury claims, and personal injury claims are not assignable in Arizona). Concerns cited by these courts include the potential for a conflict of interest, the compromise of confidentiality, and the negative effect assignment would have on the integrity of the legal profession and the administration of justice. *Botma*, 202 Ariz. at 17; *Zuniga v. Groce, Locke & Hebdon*, 878 S.W.2d 313, 318 (Tex. Ct. App. 1994). In contrast, however, some jurisdictions determine the assignability of malpractice claims on a case by case basis and only prohibit the assignment of legal malpractice claims to an adverse party. *See Gurski v. Rosenblum & Filan, LLC*, 885 A.2d 163, 167 (Conn. 2005); *Tate v. Goins, Underkofler, Crawford & Langdon*, 24 S.W.3d 627, 633 (Tex. Ct. App. 2000); *Kommavongsa v. Haskell*, 67 P.3d 1068, 1070 (Wash. 2003).

Based on our courts' treatment of the assignability of other personal tort claims and the valid concerns cited by the majority of jurisdictions should malpractice claims be assignable, we adopt the majority view and

conclude that malpractice claims are not assignable in North Carolina. Thus, Carter's attempted assignment was invalid, and those tort claims remained with Carter.[6] Moreover, it should be noted that Carter's right to assert this claim had vested prior to the attempted assignment. The alleged injury occurred in December 2005, the point at which the application was published by the USPTO, and the attempted assignment occurred in July 2006. Therefore, the trial court erred in holding that Carter no longer had standing to assert the malpractice claims as they remained with him, and we reverse and remand the 2010 Order on this issue. While we have concluded that Carter had standing to bring the malpractice claims, we note that the trial court will have to determine the effect of the 2006 assignment on the issue of damages. *See Rorrer v. Cooke*, 313 N.C. 338, 355, 329 S.E.2d 355, 366 (1985) (noting that a showing of damages is an essential element of a professional malpractice claim based on an attorney's negligence). Specifically, the trial court will have to decide whether or not the assignment of Carter's rights in the patent affects his entitlement to assert damages.

Defendants argue that even if the malpractice claims were not assignable, Carter still does not have standing because he was not named as an applicant in the PCT application. In support of their argument, defendants rely on plaintiffs' statement in paragraph 26 of the 29 February 2008 complaint that RCI-NC was the applicant on the PCT application with Carter listed only as the inventor. Thus, defendants allege that Carter had no foreign patent rights since he was not listed as the applicant.

While it is true that the 29 February 2008 complaint does seem to imply that Carter was listed only as the inventor on the PCT application, not as the applicant, a copy of the PCT application included in the record on appeal lists Carter as both an applicant and inventor. Thus, defendants' argument is without merit.

B.   The 2012 Order – Defendants' Joint MSJ

[2] Next, plaintiffs argue that the trial court erred in granting defendants' motion for summary judgment by concluding that RCI-NV did not have standing to assert the malpractice claims. Specifically, they contend that either Carter's attempted assignment of the malpractice claims was void, and the 2010 Order was incorrect, or that the assignment was

---

6.   We note that RCI-NC also had the right to assert those tort claims, along with Carter.

valid and the 2012 Order was erroneous as those claims would lie with RCI-NV after the assignment. We disagree.

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (internal quotation marks omitted).

In the 2012 Order, the trial court reasoned that RCI-NV could not have asserted the malpractice claims on 29 February 2008 because the merger had not yet occurred. Because the trial court concluded that an action brought in the name of RCI-NV pre-merger is not necessarily converted into an action by RCI-NC automatically without some action by RCI-NV after the merger, RCI-NV did not have the right to assert those claims.

Although we have concluded that the malpractice claims were unassignable and remained with Carter, we still must determine whether RCI-NV acquired the right to assert those claims by virtue of the merger with RCI-NC in August 2008, six months after RCI-NV filed its complaint asserting those rights. Accordingly, the issue becomes whether RCI-NV, as surviving entity of the merger, was required to take some procedural action post-merger to assert the malpractice claims.

Pursuant to N.C. Gen. Stat. § 55-11-06(a)(4), "[a] proceeding pending by or against any merging corporation may be continued as if the merger did not occur or the surviving corporation may be substituted in the proceeding for a merging corporation whose separate existence ceases in the merger." RCI-NC was the "merging corporation" with RCI-NV being the "surviving corporation." Applying this statute, any proceedings pending by RCI-NC could be automatically continued by RCI-NV without any action by RCI-NV. However, here, there were no pending claims against defendants for malpractice by RCI-NC. RCI-NC's claims were voluntarily dismissed on 29 February 2008, and RCI-NC never reasserted those claims. Instead of RCI-NC refiling those claims, RCI-NV asserted those claims in February 2008, prior to the August 2008 merger. However, RCI-NV, as the surviving entity of the merger, took no action to amend the 29 February 2008 complaint or reassert those claims post-merger until the January 2012 hearing. In other words, when RCI-NV filed the complaint in February 2008, it could not have asserted the rights of RCI-NC since the merger had not happened. However, RCI-NV could have asserted those rights once the merger happened but never did so

as the surviving entity of the merger. RCI-NV only asserted those claims as the assignee of Carter's rights, title, and interest in the application.

There is no legal authority for RCI-NV's contention that an action brought in the name of RCI-NV pre-merger was automatically converted as a result of the merger into an action by RCI-NC. Moreover, N.C. Gen. Stat. § 55-11-06(a)(4) does not apply as there were no pending claims asserted against defendants by RCI-NC at the time of the merger. Accordingly, without some action by RCI-NV post-merger to assert those claims as the surviving entity of the merger, its claims brought in February 2008 do not automatically incorporate any claims RCI-NC could have brought but failed to do so simply by virtue of the merger. Thus, because RCI-NV did not acquire the claims as a result of the assignment, as discussed above, and RCI-NV did not take any action post-merger to assert those claims as the surviving entity of the merger, we affirm the trial court's 2012 Order granting the joint MSJ.

C.   RCI-NV's Rule 15 and 17 Motions - The 2012 Order

**[3]** Next, RCI-NV argues that the trial court erred in denying its oral Rule 15 motion to amend the complaint to add RCI-NC as a plaintiff on the basis of futility. Specifically, RCI-NV contends that since the 29 February 2008 complaint gave notice of the transactions or occurrences that gave rise to the claim, the proposed amendment would not be futile since it would relate back to the filing of the original complaint on 29 February 2008. Relatedly, plaintiffs allege that the trial court erred by not giving post-merger RCI-NV the opportunity to be substituted in as the real party in interest pursuant to Rule 17. We disagree.

"[O]ur standard of review for motions to amend pleadings requires a showing that the trial court abused its discretion." *Delta Envtl. Consultants of N.C., Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 165, 510 S.E.2d 690, 694 (1999). "A trial court abuses its discretion when its decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Ehrenhaus v. Baker*, __ N.C. App. __, __, 717 S.E.2d 9, 18 (2011) (internal quotation marks omitted), *appeal dismissed and disc. review denied*, __N.C. __, 735 S.E.2d 332 (2012). Proper reasons for denying a motion to amend include undue delay, unfair prejudice, bad faith, futility of amendment, and repeated failure of the moving party to cure defects by other amendments. *Delta*, 132 N.C. App. at 166, 510 S.E.2d at 694.

Rule 15(c) provides that:

A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2011). Here, in the 29 February 2008 complaint, RCI-NV identified itself as the assignee of Carter's rights, interest, and title in the application. At the January 2012 hearing, RCI-NV, as the surviving entity of the merger, attempted to amend its complaint by substituting itself as the plaintiff. In other words, the amendment sought by RCI-NV would change the identity of plaintiff from an entity that acquired its rights to pursue claims against defendants via an assignment from Carter to one that acquired its rights through the merger with RCI-NC.

Here, the trial court concluded that, pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1), RCI-NC had until 29 February 2009 to refile its claims against defendants, one year after RCI-NC took a voluntary dismissal of its claims. Therefore, any claims RCI-NV acquired from RC-NC by virtue of the merger had to be filed either by post-merger RCI-NV, identifying itself as the surviving entity of the merger, or by RCI-NC by 29 February 2009. Neither of these things occurred. Thus, unless RCI-NV's amendment could relate back pursuant to Rule 15(c), those claims would be time-barred. Since the complaint did not give fair notice the claims asserted by RCI-NV were intended to include those still held by RCI-NC at the time, the trial court concluded that the amendment would not relate back. Thus, RCI-NV's attempted amendment was futile, and the trial court denied the Rule 15 motion.

We believe that the trial court's order denying the Rule 15 motion was supported by reason. Defendants had no notice that the allegations in RCI-NV's 29 February 2008 complaint were intended to include those claims which were held by RCI-NC at the time the complaint was filed. While RCI-NV could have amended its complaint any time after August 2008, once the merger occurred, it never attempted to do so until the 13 January 2012 hearing. Critical to application of Rule 15(c) is not only notice of the events that led to the cause of action but also the identity of the party bringing those claims. Here, RCI-NV only identified itself as the assignee of Carter's rights, not as the surviving entity of the August 2008 merger. Thus, defendants would not be on notice that RCI-NV's claims were based on a merger that had not occurred yet. The statute

of limitations on RCI-NC's claims against defendants ran on 29 February 2009, one year after RCI-NC voluntarily dismissed its claims. N.C. Gen. Stat. § 1A-1, Rule 41(a) (2011). Therefore, plaintiffs' claims would be time-barred, and the amendment would be futile. Pursuant to *Delta*, 132 N.C. App. at 166, 510 S.E.2d at 694, the trial court properly denied the motion to amend the complaint on the basis of futility.

Although we conclude that Rule 15(c) would not permit RCI-NV's claims to relate back, we must determine whether the trial court erred in not permitting post-merger RCI-NV to substitute itself in as the real party in interest under Rule 17. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 17(a), "[e]very claim shall be prosecuted in the name of the real party in interest[.]" The Rule goes on to say that:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Here, we can discern no abuse of discretion in denying the Rule 17 motion because plaintiffs could have substituted post-merger RCI-NV at any point after the August 2008 merger. However, they did not attempt to do so for over three years, until the hearing in January 2012. Although our Courts generally permit liberal amendment of pleadings, here, we believe that the trial court's decision to not allow post-merger RCI-NV to be substituted as the real party in interest at the summary judgment hearing does not constitute an abuse of discretion. Plaintiffs have failed to offer any compelling reason why they failed to do so in a reasonable time after the merger. Moreover, the fact that the 29 February 2008 complaint only included claims asserted by pre-merger RCI-NV was known to them. Therefore, we conclude that the trial court did not abuse its discretion in denying RCI-NV's motion to substitute itself as the real party in interest pursuant to Rule 17.

D.   The 2012 Order Granting the Individual MSJ

[4] Finally, RCI-NV argues that the trial court erred in granting defendant Clements' and Bernard's individual MSJ. Specifically, RCI-NV contends that there was sufficient evidence establishing that Clements and Bernard had a personal responsibility to supervise Brockington's work in Dougherty's absence. We disagree.

Pursuant to *Babb v. Bynum & Murphrey*, 182 N.C. App. 750, 643 S.E.2d 55 (2007), *cert. denied*, 362 N.C. 233, 659 S.E.2d 434 (2008), the trial court concluded that as members of an LLC, Clements and Bernard did not have an affirmative duty to investigate the actions of others without actual knowledge of wrongdoing. Accordingly, because RCI-NV failed to present evidence that Clements and Bernard knew that Brockington was engaged in wrongdoing, there was an absence of a genuine issue of material fact, and summary judgment was appropriate.

In *Babb*, 182 N.C. App. at 753, 643 S.E.2d at 57, this Court interpreted N.C. Gen. Stat. § 57C-3-30(a) to mean that a member or manager of an LLC does not have an affirmative duty to investigate the acts of another member without actual knowledge of wrongdoing. Here, plaintiffs fail to point to any evidence that Clements and Bernard had knowledge of wrongdoing. Moreover, plaintiffs conceded the lack of evidence showing knowledge of wrongdoing at oral argument. Thus, based on our Court's holding in *Babb* and the absence of any evidence establishing knowledge of wrongdoing, the individual MSJ was properly granted, and we affirm the 2012 Order on this issue.

### Conclusion

Because we hold that malpractice tort claims are not assignable, we reverse and remand the 2010 Order granting defendants' motion to dismiss Carter for lack of standing. With regard to the trial court's grant of the joint MSJ and individual MSJ, we affirm the trial court's 2012 Order on these issues. Finally, we affirm the trial court's 2012 Order denying plaintiffs' Rule 15 and 17 motions raised at the 13 January 2012 hearing.

Reversed and remanded in part; affirmed in part.

Judges McCULLOUGH and DAVIS concur.