McCULLOUGH, Judge.
 

 *620
 
 Kelly Lewis ("plaintiff"), an employee of Transit Management of Charlotte ("defendant"), appeals from the opinion and award of the North Carolina Industrial Commission (the "Commission") denying his claim for additional medical compensation. Defendant also appeals from the Commission's opinion and award. For the following reasons, we affirm.
 

 I.
 
 Background
 

 Plaintiff, a bus operator for defendant, suffered an admittedly compensable injury on 15 June 2009 when an SUV rear-ended the bus plaintiff was driving. Defendant completed a Form 19 dated 16 June 2009 reporting plaintiff's injury to the Commission. Later that year, a physician completed a Form 25R dated 17 November 2009 indicating plaintiff was at maximum medical improvement and suffered a 0% impairment to his back. A Form 28 dated 2 December 2009 reported that plaintiff had returned to work as of that date and a Form 28B, completed at the same time as the Form 28, indicated that plaintiff had received a total of $22,631.71 from defendant and administrator Compensation Claims
 
 *621
 
 Solutions as a result of his injury-$13,875.84 in temporary total disability compensation and $8,755.87 in medical compensation.
 

 Years later, plaintiff completed a Form 18 notice of accident to employer and claim of employee dated 28 April 2014 related to the 15 June 2009 accident. Following defendant's denial of plaintiff's claim based on the expiration of the statute of limitations in a Form 61 dated 2 May 2014, plaintiff filed a Form 33 request that his claim be assigned for hearing dated 5 May 2014. In the Form 33, plaintiff indicated his claim was for additional temporary total disability compensation owed due to defendant's underpayment because of a miscalculation of plaintiff's average weekly wage, and for compensation for additional medical treatment of injuries. Defendant responded by completing a Form 33R dated 19 May 2014, in which defendant elaborated on its assertion that plaintiff's claim was barred by the statute of limitations as follows: "The Form 28B was filed on December 2, 2009 showing the last check being forwarded December 2, 2009. Accordingly, Plaintiff's claim is barred by Section 97-47 and Section 97-25.1."
 

 Prior to the case coming on for hearing before a deputy commissioner, the parties entered into a pre-trial agreement in which they stipulated to the above facts. The parties also stipulated to the following:
 

 9. ... Although the Form 28B shows that the last medical compensation was paid on November 24, 2009, the claims payment history shows a payment by Defendant for "medical expense" on April 22, 2010, to "Electrostim Med Services" for $253.06 in Plaintiff's workers' compensation claim.
 

 10. Plaintiff settled his third-party action and executed a release on April 14, 2010.
 

 11. Defendant agreed to accept $11,500.00 in full satisfaction of its workers' compensation subrogation lien under
 
 N.C. Gen. Stat. § 97-10.2
 
 and received a check in that amount dated April 14, 2010.
 

 ....
 

 13. On April 30, 2014, Plaintiff, through counsel, asked for a claims payment history and a payroll history from Defendant covering the 52 weeks before Plaintiff's injury on June 15, 2009. Plaintiff received the claims payment history from Defendant on April 30, 2014.
 

 *893
 

 *622
 
 14. As also shown on the Form 28B, Defendant's claims payment history indicates payments [of] temporary total disability at a weekly compensation rate of $578.16 for a period of twenty-four and 3/10 (24.3) weeks for a total of $13,875.84. The average weekly wage corresponding to this compensation rate is $867.24. As shown by the Form 28B and the claims payment history, Defendant has not paid any temporary partial or permanent partial disability compensation to Plaintiff since he returned to his job at Defendant on December 2, 2009.
 

 15. On 2 May 2014, Plaintiff received the wage information covering the 52 weeks before his injury on June 15, 2009, from Defendant.
 

 16. Plaintiff's wage information with Defendant-Employer shows that Plaintiff's average weekly wage was $906.83, resulting in a compensation rate of $607.58 during the 52 weeks before his injury in this case. These figures indicate that Defendant has underpaid Plaintiff by $887.92 during the 24.3 weeks represented on the Form 28B.
 

 The matter was submitted for consideration by a deputy commissioner on stipulated facts and exhibits after the parties agreed to waive a hearing scheduled for 28 October 2014. Pursuant to the pre-trial agreement, the deputy commissioner considered only "the procedural issue of whether [p]laintiff [was] time-barred from seeking additional benefits under
 
 N.C. Gen. Stat. § 97-25.1
 
 or § 97-47 or both." Deputy Commissioner Wanda Blanche Taylor filed her opinion and award in favor of plaintiff on 8 April 2015. Defendant gave notice of appeal from the deputy commissioner's opinion and award to the Full Commission on 13 April 2015 and then completed a Form 44 application for review dated 21 April 2015.
 

 The matter was heard by the Full Commission on 11 August 2015 and the Commission filed its opinion and award modifying the deputy commissioner's opinion and award on 20 November 2015. The Commission concluded that "[p]laintiff is entitled to payment by defendant of $714.90 to correct the underpayment of the amount owed for temporary total disability benefits during the period from 16 June 2009 through 1 December 2009[,]" "[a]s the last payment of compensation occurred on 22 April 2010, plaintiff's right to additional medical treatment terminated two years later, in 2012, and his request for additional medical treatment filed 5 May 2014 is barred by the two-year statute of limitations contained in
 
 N.C. Gen. Stat. § 97-25.1
 
 [,]" and "[t]here has not been a 'final
 
 *623
 
 award' in this case that would trigger the limitations period contained in
 
 N.C. Gen. Stat. § 97-47
 
 ." The Commission also concluded that case law relied upon by defendant and the doctrines of estoppel and laches did not apply in the present case. Based on its findings and conclusions, the Commission issued the following award:
 

 1. Defendant shall pay plaintiff $714.90 to correct the underpayment of the amount owed for temporary total disability benefits during the period from 16 June 2009 through 1 December 2009.
 

 2. Plaintiff's claim for additional medical treatment is time-barred under
 
 N.C. Gen. Stat. § 97-25.1
 
 .
 

 Plaintiff gave notice of appeal from the Commission's opinion and award on 2 December 2015. Defendant gave notice of appeal from the Commission's opinion and award on 8 December 2015, after defendant issued a check to plaintiff for $714.90 dated 7 December 2015. Defendant's records of the $714.90 payment list the payment type as "Indemnity TTD[,]" the claim status as "Open[,]" and indicate the check was "Per Full Commission O&A 11-20-15[.]"
 

 II.
 
 Discussion
 

 Review of an opinion and award of the Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This '[C]ourt's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' "
 
 Richardson v. Maxim Healthcare/Allegis Grp.
 
 ,
 
 362 N.C. 657
 
 , 660,
 
 669 S.E.2d 582
 
 , 584 (2008) (citation omitted) (quoting
 
 Anderson v. Lincoln Constr. Co.
 
 ,
 
 265 N.C. 431
 
 , 434,
 
 144 S.E.2d 272
 
 , 274 (1965) ). The Commission's conclusions of law
 
 *894
 
 are reviewed
 
 de novo
 
 .
 
 Busque v. Mid-America Apartment Communities
 
 ,
 
 209 N.C.App. 696
 
 , 706,
 
 707 S.E.2d 692
 
 , 699 (2011).
 

 Plaintiff's Appeal
 

 As clearly stated in plaintiff's brief, plaintiff "appeals the Full Commission's determination that the limitations period for more medical treatment expired before 5 May 2014, when he applied for that treatment." The period for medical compensation is limited by
 
 N.C. Gen. Stat. § 97-25.1
 
 , which provides as follows:
 

 The right to medical compensation shall terminate two years after the employer's last payment of medical or
 
 *624
 
 indemnity compensation unless, prior to the expiration of this period, either: (i) the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission, or (ii) the Commission on its own motion orders additional medical compensation. If the Commission determines that there is a substantial risk of the necessity of future medical compensation, the Commission shall provide by order for payment of future necessary medical compensation.
 

 N.C. Gen. Stat. § 97-25.1
 
 (2015). Plaintiff now contends the Commission erred in concluding that the two-year limitations period in
 
 N.C. Gen. Stat. § 97-25.1
 
 had expired and that plaintiff was barred from seeking additional medical compensation. This issue presents a question of law which we review
 
 de novo
 
 .
 

 Based on the stipulated facts, the Commission issued the following unchallenged findings:
 

 1. The Form 28B filed by defendant on 2 December 2009 reflects that temporary total disability compensation was paid from 16 June 2009 through 1 December 2009, that the last compensation check was forwarded on 2 December 2009, and that this check represented final payment.
 

 2. The Form 28B further reflects that the last medical compensation was paid on 24 November 2009, and that this payment represented final payment. However, as stipulated by the parties, defendant's claims payment history reflects that the actual last payment by defendant of medical compensation was made on 22 April 2010.
 

 3. Because defendant paid plaintiff temporary total disability benefits based on an incorrect average weekly wage, plaintiff has been underpaid a total of $714.90 in temporary total disability benefits.
 

 Plaintiff acknowledges the above findings of fact, and also that his request for additional medical compensation was made in the Form 33 request for a hearing that was filed on 5 May 2014. Nevertheless, plaintiff contends that his application for additional medical compensation was not barred by the two-year limitations period because the "last" payment of medical or indemnity compensation occurred on 7 December 2015, almost a year and a half after plaintiff's application, when defendant paid plaintiff what it owed due to the underpayment of temporary total
 
 *625
 
 disability compensation. In support of his contention, plaintiff asserts various arguments. Yet, just as the Commission identified, the critical inquiry in this case is what constitutes the "last payment" under
 
 N.C. Gen. Stat. § 97-25.1
 
 . The Commission relied on
 
 Busque
 
 ,
 
 209 N.C.App. 696
 
 ,
 
 707 S.E.2d 692
 
 , and
 
 Harrison v. Gemma Power Systems, LLC
 
 ,
 
 234 N.C.App. 664
 
 ,
 
 763 S.E.2d 17
 
 ,
 
 2014 WL 2993853
 
 (July 2014) (unpub.). We, too, now look to those decisions for guidance.
 

 In
 
 Busque
 
 , the plaintiff suffered a compensable injury on 18 January 2003 and was paid medical expenses for treatment received through 21 April 2013.
 
 Busque
 
 , 209 N.C. at 696-97,
 
 707 S.E.2d at 694
 
 . The last check was issued to the plaintiff on 31 July 2003.
 
 Id
 
 . at 700,
 
 707 S.E.2d at 696
 
 . Approximately four years later, on 18 July 2007, the plaintiff filed a Form 33 in which she sought additional medical compensation.
 
 Id
 
 . at 697,
 
 707 S.E.2d at 694
 
 . On appeal, this Court addressed whether the plaintiff was barred from further recovery by the limitations period in
 
 N.C. Gen. Stat. § 97-25.1
 
 and, based on a "straight-forward" reading of the statute, held that the plaintiff was barred.
 
 Id
 
 . at 706-707,
 
 707 S.E.2d at 699-700
 
 . This Court explained as follows:
 

 Applying the statute to the present case, the "last payment of medical or indemnity
 
 *895
 
 compensation" for the 18 January 2003 fall was a check issued to [the plaintiff] dated 31 July 2003. [The plaintiff's] application for additional medical compensation was not filed until 18 July 2007-more than two years beyond 31 July 2003. Thus, [the plaintiff's] right to medical compensation for that injury has terminated.
 

 Id
 
 . at 707,
 
 707 S.E.2d at 700
 
 . This Court further addressed the plaintiff's argument that "the term 'last payment of ... compensation' can only refer to a 'final award[,]' " and disagreed with the plaintiff's application of the statute, finding there was no continuing denial of compensability in the case as the plaintiff filed her only request for coverage on 18 July 2007, more than two years after the 31 July 2003 check.
 
 Id
 
 .
 

 In
 
 Harrison
 
 , the plaintiff suffered a compensable injury on 2 March 2001 and received payments for medical treatment until 18 May 2009, the date of the last recorded payment.
 
 Harrison
 
 ,
 
 214 WL 2993853
 
 , at *1-3. On 25 January 2012, the plaintiff filed a Form 33 "alleging that [the d]efendant 'failed to authorize [the] plaintiff's request for further treatment ...' and raised the issue of [the p]laintiff's right to indemnity benefits as a result of the 2 March 2001 injury."
 
 Harrison
 
 ,
 
 214 WL 2993853
 
 , at *3. Among the issues on appeal, this Court addressed whether the Commission erred in denying the plaintiff additional medical compensation benefits
 
 *626
 
 for medical expenses incurred after 18 May 2009.
 
 Harrison
 
 ,
 
 214 WL 2993853
 
 , at *4. Relying on
 
 Busque
 
 , this Court again applied a straight-forward reading of the statute and held that "because the last payment of medical compensation made by [the d]efendant was more than two years prior to [the p]laintiff's current Form 33 filing, ... [the p]laintiff's right to additional medical compensation [was] time-barred pursuant to
 
 N.C. Gen. Stat. § 97-25.1
 
 ."
 
 Id
 
 . Yet, in so holding, this Court addressed the plaintiff's argument that " 'the last payment of compensation in the claim has not yet taken place' because '[the p]laintiff is still owed payment for temporary total disability and/or permanent partial impairment.' "
 
 Id
 
 . This Court explained that, "[s]tated differently, [the p]laintiff argues that the two-year statute of limitations period found in
 
 N.C. Gen. Stat. § 97-25.1
 
 has not yet begun and will not begin until [the p]laintiff receives a payment from [the d]efendant for indemnity benefits."
 
 Id
 
 . This Court rejected that argument as misguided for the following reasons:
 

 First, [the p]laintiff's argument ignores the plain language of the statute. "The right to medical compensation shall terminate two years after the employer's
 
 last
 
 payment of medical or indemnity compensation...."
 
 N.C. Gen. Stat. § 97-25.1
 
 (emphasis added). In context, the word "last" does not refer to a hypothetical future payment that [the p]laintiff may be entitled to receive after presenting a claim to the Industrial Commission. On its face, the "last" payment refers to the most recent payment of medical or indemnity benefits that has actually been paid. Second, [the p]laintiff's argument assumes the certainty of a future indemnity payment before the right to such payment has been decided by the Industrial Commission. Third, accepting Plaintiff's interpretation of the statute would allow claimants seeking additional medical compensation to obviate the statute of limitations in any case by asserting a valid claim for indemnity benefits alongside a claim for additional medical compensation. Such an expansive interpretation ignores the clear intent of our legislature to limit claims for additional medical compensation to a specified time period.
 

 Id
 
 . Although the
 
 Harrison
 
 decision is unpublished, we find the Court's analysis persuasive and now adopt it as our own.
 

 As the Commission found in the present case based on the stipulations of the parties, the last payment of temporary total disability compensation was paid on 2 December 2009 and the last payment of medical
 
 *627
 
 compensation was paid on 22 April 2010. Applying a straight-forward reading of
 
 N.C. Gen. Stat. § 97-25.1
 
 , the two-year limitations period for additional medical compensation expired two years after 22 April 2010 and years before plaintiff filed his request for additional compensation for medical treatment in the Form 33 on 5 May 2014.
 

 Plaintiff argues that the present case is distinguishable from both
 
 Busque
 
 and
 
 Harrison
 

 *896
 
 because defendant's payment on 7 December 2015 of the $714.90 that was owed to plaintiff due to the underpayment of temporary total disability benefits was an indemnity payment. Thus, plaintiff asserts the last payment for purposes of
 
 N.C. Gen. Stat. § 97-25.1
 
 was on 7 December 2015 and the two-year limitations period did not begin to run until 7 December 2015, more than a year and a half after his request for additional medical compensation. Plaintiff further contends that the Commission's order is inconsistent because it orders the corrective payment by defendant but holds plaintiff's claim for additional medical treatment is time-barred. We are not convinced by plaintiff's arguments.
 

 While the 7 December 2015 payment may be for the underpayment of indemnity compensation, that corrective payment had not been made at the time of the Commission's decision and, therefore, could not have been the "last payment" under a straight-forward application of
 
 N.C. Gen. Stat. § 97-25.1
 
 . At the time the Commission reviewed the evidence, made its findings, and issued its conclusions, the last actual payment of medical or indemnity compensation was paid on 22 April 2010. Thus, the evidence supports the Commission's findings and the findings support the Commission's conclusions, which correctly apply
 
 N.C. Gen. Stat. § 97-25.1
 
 .
 

 Although we hold the Commission did not err in denying plaintiff's request for additional medical compensation in its 20 November 2015 opinion and award, the question remains whether plaintiff could seek additional medical benefits following defendant's payment of the amount of temporary total disability benefits owed to plaintiff due to the miscalculation in the average weekly wage on 7 December 2015. Stated differently, the issue is whether a payment to correct an earlier error in medical or indemnity payments to make an employee whole restarts the limitations period in
 
 N.C. Gen. Stat. § 97-25.1
 
 . Defendant argues such a corrective payment is not the type of medical or indemnity payment that would restart the statute of limitations because "[t]he check was not for any new compensation, medical or indemnity, but rather to correct the underpayment that occurred four years ago."
 

 When the corrective payment is considered in light of the purpose of the limitations period explained in
 
 Harrison
 
 , plaintiff's argument seems reasonable-for as the Commission noted,
 

 *628
 
 applying plaintiff's interpretation of "last payment" would thwart the legislatures' intent in enacting
 
 N.C. Gen. Stat. § 97-25.1
 
 to limit claims for medical compensation to a specific time period recognized by the Court in
 
 Harrison
 
 , as well as the general aim of the Workers' Compensation Act to provide not only a swift and certain remedy to injured workers, but also to ensure a limited and determinate liability for employers.
 

 We further agree with the Commission that plaintiff's interpretation could result in increased litigation in cases where honest miscalculations resulting in indemnity benefits could lead to a reset of the two-year limitations period and additional liability in cases where the last medical or indemnity payment was otherwise made years earlier. Yet, there is no such distinction between medical and indemnity payments in the normal course of a workers' compensation case and subsequent corrective payments in the statute. Since we need not decide the issue in the present case because the corrective payment had not yet been paid to restart the limitations period, we simply note that
 
 N.C. Gen. Stat. § 97-25.1
 
 is not entirely clear as to how such corrective payments are to be treated and leave the matter for the legislature to address.
 

 Defendant's Appeal
 

 In defendant's appeal, defendant contends the Commission "erred in holding that [there is] a remedy at law under
 
 N.C. Gen. Stat. § 97-47
 
 and not applying the equitable doctrine of laches to bar plaintiff's claim." In raising this issue, defendant challenges the Commission's order requiring the corrective payment of temporary total disability compensation owed to plaintiff due to the miscalculation of plaintiff's average weekly wage. This issue, like the first issue, presents a question of law which we review
 
 de novo
 
 .
 

 *897
 

 N.C. Gen. Stat. § 97-47
 
 provides that "on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded...."
 
 N.C. Gen. Stat. § 97-47
 
 (2015). Yet, similar to
 
 N.C. Gen. Stat. § 97-25.1
 
 ,
 
 N.C. Gen. Stat. § 97-47
 
 restricts the period of time during which the Commission's review and modification of an award may take place. It provides,
 

 [n]o such review shall affect such award as regards any moneys paid but no such review shall be made after two years from the date of the last payment of compensation pursuant to an award under this Article, except that in
 
 *629
 
 cases in which only medical or other treatment bills are paid, no such review shall be made after 12 months from the date of the last payment of bills for medical or other treatment, paid pursuant to this Article.
 

 N.C. Gen. Stat. § 97-47
 
 (2015). Also limiting the application of
 
 N.C. Gen. Stat. § 97-47
 
 , "[o]ur case law defines a 'change in condition' under [N.C. Gen. Stat.] § 97-47 as a condition occurring after a final award of compensation that is 'different from those existent when the award was made' and results in a substantial change in the physical capacity to earn wages."
 
 Pomeroy v. Tanner Masonry
 
 ,
 
 151 N.C.App. 171
 
 , 179,
 
 565 S.E.2d 209
 
 , 215 (2002) (internal citations and alterations in original omitted). Thus,
 
 N.C. Gen. Stat. § 97-47
 
 is not applicable when there has been no final award.
 
 See
 

 Biddix v. Rex Mills, Inc.
 
 ,
 
 237 N.C. 660
 
 , 666,
 
 75 S.E.2d 777
 
 , 782 (1953).
 

 In the present case, the Commission relied on
 
 Biddix
 
 to reach the conclusion that "[t]here has not been a 'final award' in this case that would trigger the limitations period contained in
 
 N.C. Gen. Stat. § 97-47
 
 ." The Commission further concluded that "the equitable doctrines of estoppel and laches do not apply to bar plaintiff's claim in the instant matter as defendant has a remedy at law under
 
 N.C. Gen. Stat. §§ 97-25.1
 
 and 97-47, namely, the ability to plead the affirmative defense of lapse of the limitations periods set forth in these statutes."
 

 Defendant does not challenge the Commission's conclusion that the limitations period in
 
 N.C. Gen. Stat. § 97-47
 
 had not been triggered, and even concedes that there has not been a final award. Defendant instead claims the Commission's conclusions are inconsistent because the remedy at law under
 
 N.C. Gen. Stat. § 97-47
 
 would be that the limitations period had run from a final award. Defendant asserts there can be no remedy at law without a final award and contends equity should prevent plaintiff's claim from remaining open. Defendant relies on
 
 Miller v. Carolinas
 

 Medical Center-Northeast
 
 ,
 
 233 N.C.App. 342
 
 ,
 
 756 S.E.2d 54
 
 (2014) to support his argument that waiting 4 years to challenge the average weekly wage is too long and not within a "reasonable time." We are not persuaded.
 

 While equitable doctrines are available in workers' compensation cases, they may not be applied where there is a remedy at law.
 
 Daugherty v. Cherry Hospital/N.C. Dept. of Health and Human Services
 
 ,
 
 195 N.C.App. 97
 
 , 101-103,
 
 670 S.E.2d 915
 
 , 919-20 (2009). Upon review, it is clear that both
 
 N.C. Gen. Stat. §§ 97-25.1
 
 and 97-47 supply remedies at law to bar claims where there has been a delay in the case. Simply because
 
 *630
 
 the limitations period has not run in the present case to bar plaintiff's recovery of the underpaid amount of disability compensation owed to him does not mean the doctrine of laches is available as an alternative. If that were the case, any time a limitations period has not expired, the doctrine of laches may be asserted as an alternative bar to recovery. Furthermore, as the Commission concluded, the
 
 Miller
 
 case, relied on by defendant for what is a "reasonable time," is distinguishable from the present case. In
 
 Miller
 
 , there was a Form 21 agreement at issue in which the average weekly wage was recorded and the Court, based on principles of contract law, held that "a party to a Form 21 agreement which contains a verification provision but no provision regarding the time by which verification must be sought cannot assert a right to seek verification once a 'reasonable time' has passed."
 
 233 N.C.App. at 349
 
 ,
 
 756 S.E.2d at 59
 
 . In the present case, there was no agreement and, therefore, no requirement that plaintiff seek verification of the average
 
 *898
 
 weekly wage within a reasonable time, as required in
 
 Miller
 
 .
 

 Where
 
 N.C. Gen. Stat. §§ 97-25.1
 
 and 97-47 provide remedies at law for the delay in seeking benefits, the Commission did not err in rejecting the application of the doctrine of laches in this case.
 

 III.
 
 Conclusion
 

 For the reasons discussed, we affirm the opinion and award of the Commission.
 

 AFFIRMED.
 

 Judges STEPHENS and ZACHARY concur.