TYSON, Judge.
 

 *128
 
 Key Risk Insurance Company ("Key Risk") appeals from orders entered granting Chad Peck's ("Defendant") motion to dismiss and denying Key Risk's motion to substitute a party. We affirm.
 

 I. Factual Background
 

 Judith Holliday ("Holliday") was employed at CarolinaEast Medical Center, Inc. ("CarolinaEast"). Key Risk provided workers' compensation insurance to CarolinaEast.
 

 On 3 February 2013, Holliday and Third-Party Defendant, Mark Andrew McGuire ("McGuire"), responded to an emergency call. McGuire drove the ambulance, while Holliday was seated in the front passenger seat. Key Risk alleged the ambulance approached an intersection with its emergency lights and sirens activated while en route. Key Risk further alleged Defendant failed to yield, entered the intersection, and collided with the ambulance.
 

 Holliday and Defendant received and alleged injuries resulting from the collision. Defendant signed a "Property Damage Release" releasing CarolinaEast, McGuire, and American Alternative Insurance Corporation from further liability for the collision in exchange for payment of $5,724.56. Defendant also signed a "Release in Full" wherein he released CarolinaEast, McGuire, Glatfelter Claims Management, Inc., and American Alternative Insurance Corporation from further liability for the collision in exchange for payment of $4,143.45 for his bodily injuries.
 

 Holliday received extensive medical care for her injuries. Key Risk's complaint alleged it paid Holliday $63,965.58 as CarolinaEast's provider of workers' compensation insurance. Key Risk's complaint further alleged it filed the proper forms with the North Carolina Industrial Commission, which admitted Holliday's right to compensation for medical treatment for the injuries she had sustained in the collision.
 

 On 3 December 2015, Key Risk filed its complaint. Key Risk alleged Defendant was negligent in the operation of his vehicle, and it was entitled to recover the workers' compensation benefits paid to Holliday from Defendant. Defendant filed an answer and a third-party complaint against McGuire. McGuire filed an answer and a motion for judgment on the pleadings.
 

 Defendant moved to dismiss the action on 29 March 2016 pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. On 13 April 2016, Key Risk moved to substitute Holliday as the named plaintiff pursuant to
 
 N.C. Gen. Stat. § 97-10.2
 
 .
 

 *129
 
 After hearing oral arguments of counsel and reviewing the submissions of the parties, the trial court denied McGuire's motion for judgment on the pleadings, denied Key Risk's motion to substitute a party, and granted Defendant's motion to dismiss. Key Risk appeals.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2015).
 

 III. Issues
 

 Key Risk argues the trial court erred by granting the motion to dismiss for lack of standing. In the alternative, Key Risk argues, even if it did not have standing to bring
 
 *356
 
 the claim, the trial court abused its discretion by denying its motion to substitute a party.
 

 IV. Standard of Review
 

 "A motion to dismiss a party's claim for lack of standing is tantamount to a motion to dismiss for failure to state a claim upon which relief can be granted according to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure."
 
 Slaughter v. Swicegood
 
 ,
 
 162 N.C.App. 457
 
 , 464,
 
 591 S.E.2d 577
 
 , 582 (2004).
 

 When considering a motion to dismiss under Rule 12(b)(6), "[t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not."
 
 Grant Constr. Co. v. McRae,
 

 146 N.C.App. 370
 
 , 373,
 
 553 S.E.2d 89
 
 , 91 (2001) (quoting
 
 Harris v. NCNB,
 

 85 N.C.App. 669
 
 , 670,
 
 355 S.E.2d 838
 
 , 840 (1987) ). The allegations in the complaint must be viewed in the light most favorable to the non-moving party.
 
 Donovan v. Fiumara
 
 ,
 
 114 N.C.App. 524
 
 , 526,
 
 442 S.E.2d 572
 
 , 574 (1994).
 

 A trial court's order denying a motion to substitute a party is reviewed for an abuse of discretion.
 
 Revolutionary Concepts, Inc. v. Clements Walker PLLC
 
 ,
 
 227 N.C.App. 102
 
 , 112,
 
 744 S.E.2d 130
 
 , 137 (2013) (holding the trial court did not abuse its discretion in denying a motion to substitute where plaintiffs failed to offer any compelling reason why they failed to make the motion in a reasonable time after a merger). "Under the abuse-of-discretion standard, we ... determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision."
 
 Mark Grp. Int'l., Inc. v. Still
 
 ,
 
 151 N.C.App. 565
 
 , 566,
 
 566 S.E.2d 160
 
 , 161 (2002).
 

 *130
 

 V. Insurers' Rights under
 
 N.C. Gen. Stat. § 97-10.2
 

 Key Risk reads and asserts the provisions of
 
 N.C. Gen. Stat. § 97-10.2
 
 (2015) provide standing to bring this action. We disagree.
 

 When our courts engage in statutory interpretation, the primary task "is to ensure that the legislative intent is accomplished. The best indicia of legislative purpose are the language of the statute, the spirit of the act, and what the act seeks to accomplish."
 
 Radzisz v. Harley Davidson of Metrolina, Inc.
 
 ,
 
 346 N.C. 84
 
 , 88-89,
 
 484 S.E.2d 566
 
 , 569 (1997) (internal citations and quotation marks omitted).
 

 Statutory interpretation begins by examining the plain and ordinary meanings of words in the statute.
 
 Dion v. Batten
 
 , --- N.C.App. ----, ----,
 
 790 S.E.2d 844
 
 , 848 (2016). "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning."
 
 Lemons v. Old Hickory Council,
 

 322 N.C. 271
 
 , 276,
 
 367 S.E.2d 655
 
 , 658 (1988) ;
 
 see also
 

 State v. Wiggins,
 

 272 N.C. 147
 
 , 153,
 
 158 S.E.2d 37
 
 , 42 (1967) ("It is elementary that in the construction of a statute words are to be given their plain and ordinary meaning unless the context, or the history of the statute, requires otherwise.").
 

 N.C. Gen. Stat. § 97-10.2
 
 exclusively provides for the rights and remedies of employees, employers, and insurance carriers against third parties under the Workers' Compensation Act.
 
 Radzisz
 
 ,
 
 346 N.C. at 86
 
 ,
 
 484 S.E.2d at 568
 
 .
 
 N.C. Gen. Stat. § 97-10.2
 
 (a) states:
 

 The respective rights and interests of the employee-beneficiary under this Article, the employer, and the employer's insurance carrier, if any, in respect of the common-law cause of action against such third party and the damages recovered
 
 shall be as set forth in this section
 
 .
 

 N.C. Gen. Stat. § 97-10.2
 
 (a) (emphasis supplied).
 

 Under this statute, the employee possesses the exclusive right to proceed against a third-party tortfeasor during the first twelve months after the date of injury.
 
 N.C. Gen. Stat. § 97-10.2
 
 (b). If the employee does not bring such an action within those first twelve months, and the employer has filed the appropriate admission of liability with the Industrial Commission, "then
 
 either the employee or the employer
 
 shall have the right to proceed to enforce the liability of the third
 
 *357
 
 party by appropriate proceedings."
 
 N.C. Gen. Stat. § 97-10.2
 
 (c) (emphasis supplied). If neither the employee nor the employer have instituted an action against the third-party tortfeasor prior to sixty days before the
 
 *131
 
 expiration of the applicable statute of limitations, the right to bring the action reverts exclusively to the employee.
 
 Id
 
 .
 

 When a proceeding is instituted against a third party, "the person having the right" to bring the proceeding must bring it "in the name of the employee or his personal representative[.]"
 
 N.C. Gen. Stat. § 97-10.2
 
 (d). An exception to this requirement exists where the employee or his personal representative "refuse[s] to cooperate with the employer by being the party plaintiff[.]"
 
 Id
 
 . In these cases, the statute states the action "shall be brought
 
 in the name of the employer
 
 and the employee or his personal representative shall be made a party plaintiff or party defendant by order of court."
 
 Id
 
 . (emphasis supplied). In any properly instituted proceeding, neither the employer nor the insurance carrier are considered necessary or proper parties.
 
 Id
 
 .
 

 After outlining which parties are permitted to institute proceedings within the applicable time periods against a third party,
 
 N.C. Gen. Stat. § 97-10.2
 
 (g) specifically provides for the rights of the insurance carrier:
 

 The insurance carrier affording coverage to the employer under this Chapter shall be subrogated to all rights and liabilities of the employer hereunder but this shall not be construed as conferring any other or further rights upon such insurance carrier than those herein conferred upon the employer, anything in the policy of insurance to the contrary notwithstanding.
 

 Here, Key Risk argues the statute grants insurance carriers subrogation to all the rights and liabilities of the employer, and as such insurance carriers have standing under the statute to enforce the liability of the third party. The plain language of
 
 N.C. Gen. Stat. § 97-10.2
 
 (b) - (d) does not support this reading.
 
 See
 

 Lemons
 
 ,
 
 322 N.C. at 276
 
 ,
 
 367 S.E.2d at 658
 
 .
 

 The language of these sections explicitly states "
 
 the employer
 
 shall have the right to proceed to enforce the liability of the third party."
 
 N.C. Gen. Stat. § 97-10.2
 
 (c) (emphasis supplied). The insurance carrier is only mentioned once in the sections outlining the procedure for bringing an action against a third party. The statute provides that when a proceeding is brought against a third party "by the person having the right" to bring such a proceeding, "the insurance carrier shall not be a necessary or proper party thereto."
 
 N.C. Gen. Stat. § 97-10.2
 
 (d). The next sentence states where an employee refuses to cooperate, "the action
 
 shall
 
 be brought
 
 in the name of the employer
 
 ."
 
 Id
 
 . (emphasis supplied). Based upon the plain language of the statute, an insurance carrier does not
 
 *132
 
 have the right to bring an action against a third party in its own name, if the employee refuses to cooperate.
 

 VI. Legislative History
 

 A review of the legislative history also supports this reading of the statute. Before the statute was re-codified and amended in 1959, prior versions of
 
 N.C. Gen. Stat. § 97-10
 
 provided:
 

 The employer
 
 or his carrier
 
 shall have the exclusive right to commence an action in his own name and/or in the name of the injured employee or his personal representative for damages on account of such injury or death[.]
 

 N.C. Gen. Stat. § 97-10
 
 (1943),
 
 as amended by
 

 N.C. Gen. Stat. § 97-10.2
 
 (2015).
 

 The paragraph on the insurance carrier's subrogation rights stated:
 

 When any employer is insured against liability for compensation with any insurance carrier, ..., it shall be subrogated to all rights and duties of the employer,
 
 and may enforce any such rights in the name of the injured employee or his personal representative
 
 ; but nothing herein shall be construed as conferring upon the insurance carrier any other or further rights than those existing in the employer[.]
 

 Id
 
 . When the statute was re-codified and amended as
 
 N.C. Gen. Stat. § 97-10.2
 
 in 1959, all references to an insurance carrier's right to bring a direct suit against a third party in its own name or in the name of the
 
 *358
 
 employee were removed.
 
 N.C. Gen. Stat. § 97-10.2
 
 (c) & (g) (1959).
 

 Based upon the plain language of the statute and the legislative history, nothing shows the General Assembly intended to provide the insurance carrier with the right to bring a direct action against a third party.
 
 See
 

 Radzisz
 
 ,
 
 346 N.C. at 86
 
 ,
 
 484 S.E.2d at 568
 
 . The trial court did not err in concluding that Key Risk did not have standing to bring this action and dismissing the action. The trial court's ruling is affirmed.
 

 VII. Motion To Substitute
 

 Key Risk argues, even if it lacked statutory standing, the trial court abused its discretion and should have allowed its motion to substitute a party brought pursuant to
 
 N.C. Gen. Stat. § 97-10.2
 
 . Key Risk further argues it would have been proper to allow the motion to substitute a party under Rule 17(a) of the North Carolina Rules of Civil Procedure.
 

 *133
 

 A.
 
 N.C. Gen. Stat. § 97-10.2
 
 (d)
 

 Key Risk first argued "[p]ursuant to N.C.G.S. § 97-10.2(d) [Key Risk] is entitled to an order from the Court directing that Judith Holliday be made the party-plaintiff in this action."
 

 N.C. Gen. Stat. § 97-10.2
 
 (d) only allows for substitution of an employee as the named plaintiff where the employee or his personal representative "refuse[s] to cooperate" and the action is "brought in the name of the employer."
 

 Here, the action was brought solely in the insurance carrier's name and not the employer's name. Furthermore, no indication in the record shows the employee refused to cooperate. Key Risk acknowledged both in its motion to substitute and in its arguments to the trial court that "[a]t the time of initiation of this action, [Key Risk] and its counsel had not had the opportunity to speak with Ms. Holliday concerning the action and had thus not secured her consent to cooperate and participate in the action." On this record, Key Risk has failed to show the trial court abused its discretion in denying the motion under
 
 N.C. Gen. Stat. § 97-10.2
 
 (d).
 

 B. Rule 17(a)
 

 At the trial court's hearing on the motions, Key Risk also argued it would be proper to allow the motion to substitute a party under Rule 17(a) of the North Carolina Rules of Civil Procedure.
 

 Rule 17(a) provides:
 

 Real party in interest.
 
 -Every claim shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
 

 N.C. Gen. Stat. § 1A-1, Rule 17(a) (2015).
 

 "A real party in interest is a party who is benefited or injured by the judgment in the case and who by substantive law has the legal right to enforce the claim in question."
 
 Slaughter
 
 ,
 
 162 N.C.App. at 463
 
 ,
 
 591 S.E.2d at 582
 
 (citation and quotation marks omitted). As held
 
 supra
 
 , an insurance carrier does not have a statutory right to bring a direct suit
 
 *134
 
 to enforce a claim against a third party under
 
 N.C. Gen. Stat. § 97-10.2
 
 . Where a case is not brought by the real party in interest, it is within the discretion of the trial court to allow a motion to substitute under Rule 17(a).
 
 Revolutionary Concepts, Inc.
 
 ,
 
 227 N.C.App. at 112
 
 ,
 
 744 S.E.2d at 137
 
 .
 

 N.C. Gen. Stat. § 97-10.2
 
 (b) - (d) sets out the procedures regarding who can bring a claim against a third party and when those claims can be instituted under the Workers' Compensation Act. Key Risk did not follow these statutory requirements to properly bring or assert the claim against Defendant.
 

 Key Risk was aware that the statutory right to bring a claim would revert exclusively to the employee sixty days prior to the expiration of the statute of limitations, and admitted to the trial court that "this thing was put together last minute." Key Risk failed to speak to the employee prior to bringing this action. The record indicates
 
 *359
 
 Key Risk did not secure the employee's consent to being named party plaintiff until 13 April 2016, several months after the case had been filed and after the statute of limitations had expired.
 

 Based on the facts of this case, Key Risk has failed to show the trial court abused its discretion by denying its motion to substitute a party.
 

 VIII. Conclusion
 

 Key Risk does not possess a statutory right to institute this action in its own name against Defendant under
 
 N.C. Gen. Stat. § 97-10.2
 
 . Key Risk has failed to show the trial court abused its discretion by denying its motion to substitute a party. The trial court's orders denying Key Risk's motion to substitute a party are affirmed and granting Defendant's motion to dismiss.
 
 It is so ordered
 
 .
 

 AFFIRMED.
 

 Chief Judge McGEE and Judge STROUD concur.