IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-447

No. COA21-641

Filed 5 July 2022

North Carolina Industrial Commission, I.C. No. 499636

MELCHOR ZAPATA DOMINGUEZ, Employee, Plaintiff,

v.

FRANCISCO DOMINGUEZ MASONRY, INC., Employer, BUILDERS MUTUAL INSURANCE CO., Carrier, Defendants.

Appeal by defendants from opinion and award entered 10 June 2021 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 April 2022.

*The Bricio Law Firm, P.L.L.C., by Francisco J. Bricio, for plaintiff-appellee.*

*Lewis & Roberts, PLLC, by Jeffrey A. Misenheimer and Brian R. Taylor, for defendants-appellants.*

ZACHARY, Judge.

Francisco Dominguez Masonry, Inc., and Builders Mutual Insurance Co. ("Builders Mutual" and collectively, "Defendants") appeal from an Opinion and Award of the North Carolina Industrial Commission granting Plaintiff Melchor Zapata Dominguez's claim for additional medical compensation for his right knee conditions. After careful review, we affirm the Commission's Opinion and Award.

## ***Background***

Plaintiff began his employment as a brick mason with Francisco Dominguez

Masonry, Inc., in 2004. His job required him to regularly "bend his knees, squat, kneel and do heavy lifting." On 20 December 2004, Plaintiff began experiencing pain and swelling in his right knee, and on 22 February 2005, he was diagnosed with two occupational diseases of his right knee.

¶ 3        On 31 January 2005, Defendants began providing medical compensation to Plaintiff. By Opinion and Award entered 14 May 2007, the Full Commission awarded Plaintiff treatment for his right knee conditions and indemnity compensation for his medical expenses. Defendants issued indemnity compensation for Plaintiff's right knee conditions through 13 December 2013 and medical compensation for Plaintiff's right knee conditions through 5 June 2015.

¶ 4        Upon determining that an indemnity check for $329.24 payable to Plaintiff and dated 14 July 2011 remained uncashed and outstanding, Builders Mutual contacted Plaintiff by letter dated 18 August 2017 to inquire whether "these funds [were] still due." Builders Mutual further informed Plaintiff that if he did not reply by 18 October 2017, the unclaimed funds would be escheated to the State of North Carolina. On or about 28 August 2017, Plaintiff requested via the enclosed response form that Builders Mutual issue a replacement check because he never received the original; Builders Mutual issued a replacement check dated 19 September 2017.

¶ 5        On 12 February 2018, Plaintiff filed a Form 33 requesting a hearing on the issue of additional medical compensation for his right knee conditions. Defendants

denied treatment and moved to dismiss the claim, asserting that Plaintiff's request was time-barred by N.C. Gen. Stat. §§ 97-25.1 and 97-47. In an interlocutory Opinion and Award entered 26 September 2018, the deputy commissioner denied Defendants' motion to dismiss, concluding that the 19 September 2017 replacement check constituted a payment pursuant to § 97-25.1, which rendered Plaintiff's claim for additional medical compensation timely.

¶ 6   On 17 December 2019, the deputy commissioner issued an Opinion and Award ordering Defendants to authorize and pay for the ongoing medical treatment of Plaintiff's compensable right knee conditions. Defendants appealed to the Full Commission, which affirmed the deputy commissioner's decision by Opinion and Award entered 10 June 2021. Defendants timely appealed from the Full Commission's Opinion and Award.

## *Discussion*

¶ 7   On appeal, Defendants argue that the Full Commission erred by concluding that Plaintiff's claim for additional medical compensation was not time-barred pursuant to N.C. Gen. Stat. § 97-25.1 (2021).

### *I.     Standard of Review*

¶ 8   "The standard of review in workers' compensation cases has been firmly established by the General Assembly and by numerous decisions of this Court." *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582,

584 (2008), *reh'g denied*, 363 N.C. 260, 676 S.E.2d 472 (2009). "[O]n appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." *Id.*

The Commission's findings of fact "are conclusive upon appeal when supported by competent evidence, even when there is evidence to support a finding to the contrary. . . . Where no exception is taken to a finding of fact, the finding is presumed to be supported by competent evidence and is binding on appeal." *Workman v. Rutherford Elec. Membership Corp.*, 170 N.C. App. 481, 485–86, 613 S.E.2d 243, 247 (2005) (citation omitted). The Commission's conclusions of law, however, are reviewed de novo. *Walker v. K&W Cafeterias*, 375 N.C. 254, 258, 846 S.E.2d 679, 682 (2020).

II.     *Analysis*

Defendants maintain that the Full Commission erred by determining that N.C. Gen. Stat. § 97-25.1 did not bar Plaintiff's claim for additional medical compensation, in that "the replacement check d[id] not constitute payment of compensation" pursuant to N.C. Gen. Stat. § 97-25.1, and therefore its issuance "did not 'restart' the limitations period[.]" We disagree.

Section 97-25.1 provides, in relevant part:

> *The right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation* unless, prior to the expiration of

this period, either: (i) the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission, or (ii) the Commission on its own motion orders additional medical compensation.

N.C. Gen. Stat. § 97-25.1 (emphasis added).

¶ 12     In the present case, the Commission made the following unchallenged findings of fact:

> 4. The most recent payment that [Builders Mutual] has made for medical treatment for Plaintiff's compensable right knee conditions was on June 5, 2015. Defendants also paid weekly temporary total disability ("TTD") compensation to Plaintiff in this claim, beginning with his right knee surgery on February 1, 2010.
>
>     . . . .
>
> 6. The latest period for which Defendants paid Plaintiff TTD compensation was for November 28, 2013 through December 4, 2013, via a check dated December 3, 2013.
>
> 7. On August 18, 2017, [Builders Mutual] sent Plaintiff a letter stating that [Builders Mutual]'s review of its records revealed that a TTD check dated July 14, 2011 had never been cashed and was still outstanding. The letter asked Plaintiff to review his records and determine "if these funds are still due." On or about August 28, 2017, Plaintiff returned the letter to [Builders Mutual], checking the box for "The original check was never received; please reissue."
>
> 8. On September 19, 2017, [Builders Mutual] voided the July 14, 2011 TTD check and issued a new check to Plaintiff in the amount of $329.24, covering TTD compensation for the period from July 11 through July 17, 2011.

. . . .

> 11. On February 12, 2018, Plaintiff filed the instant Form 33 *Request that Claim Be Assigned for Hearing*, seeking additional medical treatment for his right knee conditions.

¶ 13 Plaintiff contends that Defendants' last payment of medical or indemnity compensation was 19 September 2017—less than two years before Plaintiff submitted his 12 February 2018 claim for additional medical compensation—and that his claim was thus timely. By contrast, Defendants maintain that the last payment of medical or indemnity compensation was 5 June 2015, and that Plaintiff's 12 February 2018 application for additional medical compensation was therefore time-barred, in that the two-year limitations period ended in 2017. Accordingly, the question before us is whether a corrective payment constitutes a "last payment" for purposes of the N.C. Gen. Stat. § 97-25.1 limitations period.

¶ 14 When appellate courts engage in statutory interpretation, our primary task is "to ensure that the legislative intent is accomplished. The best indicia of legislative purpose are the language of the statute, the spirit of the act, and what the act seeks to accomplish." *Radzisz v. Harley Davidson of Metrolina, Inc.*, 346 N.C. 84, 88–89, 484 S.E.2d 566, 569 (1997) (citations and internal quotation marks omitted). "[T]he workers' compensation statutes should be liberally construed whenever possible to avoid denying benefits based on narrow interpretations of its provisions . . . ."

*Robertson v. Hagood Homes, Inc.*, 160 N.C. App. 137, 142, 584 S.E.2d 871, 874 (2003) (citation and internal quotation marks omitted).

¶ 15 "Statutory interpretation begins by examining the plain and ordinary meanings of words in the statute. When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Key Risk Ins. Co. v. Peck*, 252 N.C. App. 127, 130, 797 S.E.2d 354, 356 (2017) (citations and internal quotation marks omitted). An appellate court "should avoid adding a provision to a statute that has been omitted, which it believes ought to have been embraced[.]" *Robertson*, 160 N.C. App. at 142, 584 S.E.2d at 874 (citation and internal quotation marks omitted).

¶ 16 Here, using the "plain and ordinary meaning" of the statute's terms, *Key Risk Ins. Co.*, 252 N.C. App. at 130, 797 S.E.2d at 356, Plaintiff's right to additional medical compensation had not yet terminated when he filed his Form 33. Plaintiff filed his claim for additional medical compensation on 12 February 2018, less than a year after he received the last payment of compensation from Defendants, via check dated 19 September 2017. In that N.C. Gen. Stat. § 97-25.1 provides that an employee's "right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation" and Plaintiff sought compensation less than a year after Defendants' last indemnity payment, the statute

did not bar Plaintiff from seeking additional medical compensation. N.C. Gen. Stat. § 97-25.1.

¶ 17    Moreover, while "appellate courts may not expand upon the ordinary meaning of the terms used by the legislature" in a statute, "the workers' compensation statutes should be liberally construed whenever possible to avoid denying benefits based on narrow interpretations of its provisions[.]" *Robertson*, 160 N.C. App. at 142, 584 S.E.2d at 874 (citation and internal quotation marks omitted). To interpret "last payment" as including only timely payments, as Defendants contend, would in effect "add[ ] a provision to a statute that has been omitted[.]" *Id.* (citation and internal quotation marks omitted). Furthermore, such an interpretation runs contrary to the plain meaning of the statute. Thus, construing N.C. Gen. Stat. § 97-25.1 liberally, the two-year limitation period begins when an employer provides (1) indemnity or medical compensation (2) for the last time. N.C. Gen. Stat. § 97-25.1. Accordingly, Plaintiff had up to two years from Defendants' last indemnity payment on 19 September 2017 to seek additional medical compensation.

¶ 18    The parties cite no North Carolina case that directly addresses the issue of whether an employer's subsequent corrective payment qualifies as an "employer's last payment" for the purposes of N.C. Gen. Stat. § 97-25.1. However, this Court touched on this issue in dicta in *Lewis v. Transit Management of Charlotte*, 250 N.C. App. 619, 792 S.E.2d 890 (2016), *petitions for disc. review withdrawn*, 369 N.C. 750,

799 S.E.2d 623 (2017). As our dissenting colleague acknowledges, the facts of *Lewis* differ from those of the present case. In *Lewis*, the plaintiff argued that the statute of limitations would begin to run upon his hypothetical *future* receipt of compensation from the defendant. 250 N.C. App. at 627, 792 S.E.2d at 896. The *Lewis* Court disagreed, concluding that the defendant's *actual* last payment dictated when the statute of limitations began to run. *Id.* The Court also noted that N.C. Gen. Stat. § 97-25.1 provides no "distinction between medical and indemnity payments in the normal course of a workers' compensation case and subsequent corrective payments[,]" and left the matter of whether a subsequent corrective payment constitutes a "last payment" for purposes of the limitations period for the legislature to address. *Id.* at 628, 792 S.E.2d at 896.

¶ 19        However, in the six years following *Lewis*'s invitation for clarification of this issue, the General Assembly has neither modified the statutory language, nor otherwise addressed the effect of a subsequent corrective payment on the two-year limitations period. *See* N.C. Gen. Stat. § 97-25.1. It follows, then, that the General Assembly is satisfied with the existing language of § 97-25.1, which provides no "distinction between medical and indemnity payments in the normal course of a workers' compensation case and subsequent corrective payments[.]" *Lewis*, 250 N.C. App. at 628, 792 S.E.2d at 896. Absent evidence to the contrary, we presume this is consonant with the intent of the General Assembly. As it currently stands, N.C. Gen.

Stat. § 97-25.1 plainly requires that the two-year limitations period begin upon the actual last payment by the employer—regardless of whether it was timely submitted or sent as a subsequent corrective payment. N.C. Gen. Stat. § 97-25.1.

Finally, to conclude that Defendants' last indemnity payment to Plaintiff did not constitute a "last payment" pursuant to N.C. Gen. Stat. § 97-25.1 would be tantamount to "adding a provision to a statute that has been omitted" by the General Assembly. *Robertson*, 160 N.C. App. at 142, 584 S.E.2d at 874 (citation and internal quotation marks omitted). Indeed, to construe "last payment" as the final payment of medical or indemnity compensation—*except* when the payment is corrective—would create a statutory exception that the General Assembly declined to provide. Paradoxically, this interpretation presents a textbook example of the very judicial "usurpation" of legislative prerogative feared by our dissenting colleague. *Dissent* ¶ 38. And as our dissenting colleague aptly notes: "It is for the legislature, and not the courts, to establish statutes of limitations, statutes of repose, and any exceptions to those rules." *Id.* (citation omitted).

### *Conclusion*

"[T]he language of [N.C. Gen. Stat. § 97-25.1] is clear and unambiguous," and must be given "its plain and definite meaning." *Key Risk Ins. Co.*, 252 N.C. App. at 130, 797 S.E.2d at 356 (citation omitted). Consequently, because Defendants' reissued indemnity check constitutes the "last payment of . . . indemnity compensation[,]" N.C.

Gen. Stat. § 97-25.1, the Full Commission did not err by concluding that Plaintiff's claim was not time-barred by N.C. Gen. Stat. § 97-25.1, or by granting Plaintiff's claim for additional medical compensation for his right knee conditions.

For the foregoing reasons, the Full Commission's Opinion and Award is affirmed.

AFFIRMED.

Chief Judge STROUD concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge, dissenting.

The majority's opinion fails to apply the intent and plain language of N.C. Gen. Stat. § 97-25.1 (2021). Their improper and deferential standard of review and overreach is contrary to our rules of statutory construction, binding precedents, and the stated purpose of the Workers' Compensation Act. I vote to reverse the Commission's order and to remand with instructions to enter an order dismissing Plaintiff's claim. I respectfully dissent.

## I. Standard of Review

"[W]hen reviewing findings of fact by the Commission on which the scope of its jurisdiction depends, we apply a de novo standard of review." *Cunningham v. Goodyear Tire & Rubber Co.*, __ N.C. __, __, __ S.E.2d __, __, 2022-NCSC-46, ¶ 19 (2022) (citation omitted).

The majority opinion's deference to the unsupported conclusions of law by the Commission is erroneous. Our Supreme Court has long held:

> When a defendant-employer challenges the jurisdiction of the Industrial Commission, the findings of fact made by the Commission, on which its jurisdiction is dependent, are not conclusive on the [reviewing court], but the [reviewing court] has the power, and *it is its duty, on appeal, to consider all the evidence in the record, and to make therefrom independent findings of jurisdictional facts*. This is necessary to prevent the court from being forced into an act of usurpation, and compelled to give a void judgment.

*Richards v. Nationwide Homes*, 263 N.C. 295, 303-04, 139 S.E.2d 645, 651 (1965) (citations and internal quotation marks omitted) (emphasis supplied).

## II.    N.C. Gen. Stat. § 97-25.1

Defendants argue the previously paid and re-issued 19 September 2017 check constituted payment pursuant to N.C. Gen. Stat. § 97-25.1. They assert the check was not new compensation, but rather to correct a prior timely issued, but uncashed, payment.

When interpreting the parties' arguments, we must first determine the meaning of the "last payment of medical or indemnity compensation" in N.C. Gen. Stat. § 97-25.1. In reviewing the statutory definition and application of "last payment" several well-established principles of statutory construction apply.

### A.  Canons of Statutory Construction

North Carolina Appellate Courts have previously articulated standards and precedents to guide our analysis. "The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998)). "The best indicia of that intent are the [plain] language of the statute . . . , the spirit of the act and what the act seeks to accomplish." *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted).

"When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself[.]" *State v. Ward*, 364 N.C. 157, 160, 694

S.E.2d 729, 731 (2010). Illogical and strained "[i]nterpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Taylor v. Robinson*, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291 (1998) (internal quotation marks, citations, and ellipses omitted).

¶ 30        Further, "where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control." *State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) (quoting *Mazda Motors of Am., Inc. v. Sw. Motors, Inc.*, 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979)).

### B. "Last Payment"

¶ 31        Plaintiff argues the plain meaning of "last payment" in the statute constitutes the actual date of his receipt of last payment. Defendants argue this assertion is contrary to the clear intent of N.C. Gen. Stat. § 97-25.1, and cite *Lewis v. Transit Mgmt. of Charlotte*, 250 N.C. App. 619, 792 S.E.2d 890 (2016) and *Harrison v. Gemma Power Sys., LLC*, 234 N.C. App. 664, 763 S.E.2d 17, 2014 WL 2993853 (2014) (unpublished).

¶ 32        While not binding precedent, this Court can consider *Harrison*, an unpublished opinion as persuasive authority. *Zurosky v. Shaffer*, 236 N.C. App. 219, 234, 763 S.E.2d 755, 764 (2014) ("[A]n unpublished opinion may be used as persuasive

authority at the appellate level if the case is properly submitted and discussed and there is no published case on point.").

¶ 33        In *Harrison*, this Court examined the issue of whether "the two-year statute of limitations period found in N.C. Gen. Stat. § 97-25.1 has not yet begun and will not begin until [the p]laintiff receives a payment from [the d]efendant for indemnity benefits." *Harrison*, 2014 WL 2993853, at *4. This Court unanimously rejected this argument, holding:

> First, [the p]laintiff's argument ignores the plain language of the statute. . . . In context, the word "last" does not refer to a hypothetical future payment that [the p]laintiff may be entitled to receive after presenting a claim to the Industrial Commission. On its face, the "last" payment refers to the most recent payment of medical or indemnity benefits that has actually been paid. Second, [the p]laintiff's argument assumes the certainty of a future indemnity payment before the right to such payment has been decided by the Industrial Commission. Third, accepting Plaintiff's interpretation of the statute would allow claimants seeking additional medical compensation *to obviate the statute of limitations* in any case by asserting a valid claim for indemnity benefits alongside a claim for additional medical compensation. *Such an expansive interpretation ignores the clear intent of our legislature to limit claims for additional medical compensation to a specified time period.*

*Id.* (citation omitted) (emphasis supplied).

¶ 34        In *Lewis,* a binding precedent, our Court found the analysis in *Harrison* was persuasive and adopted it. *Lewis*, 250 N.C. App. at 626, 792 S.E.2d at 895. The

plaintiffs in *Lewis* brought claims for underpayment of temporary total disability during the period they were temporarily totally disabled and also for additional medical treatment. *Id.* at 622, 792 S.E.2d at 893.

¶ 35        This Court held while, the plaintiff was owed a payment of $714.90, this claim was time barred by the two-year statute of limitations in N.C. Gen. Stat. § 97-25.1. *Id.* at 628, 792 S.E.2d at 896. Unlike the facts here, the payment at issue in *Lewis* had not been made. *Id.* This Court raised the issue of "whether a payment to correct an earlier error in medical or indemnity payments to make an employee whole restarts the limitations period in N.C. Gen. Stat. § 97-25.1." *Id.* at 627, 792 S.E.2d at 896.

¶ 36        Applying *Harrison*, this Court in *Lewis* portrayed the obvious and obnoxious consequences of Plaintiff's argument, but found it unnecessary to anticipate and resolve this issue because the "last payment" at issue there had not been previously and actually paid:

> We further agree with the Commission that *plaintiff's interpretation could result in increased litigation in cases where honest miscalculations resulting in indemnity benefits could lead to a reset of the two-year limitations period and additional liability in cases where the last medical or indemnity payment was otherwise made years earlier.* Yet, there is no such distinction between medical and indemnity payments in the normal course of a workers' compensation case and subsequent corrective payments in the statute. Since we need not decide the issue in the present case because the corrective payment had not yet

> been paid to restart the limitations period, we simply note
> that N.C. Gen. Stat. § 97-25.1 is not entirely clear as to how
> such corrective payments are to be treated and leave the
> matter for the legislature to address.

*Id.* at 628, 792 S.E.2d at 896 (emphasis supplied).

¶ 37 Unlike the facts in *Lewis,* the *sole* issue before this Court is whether a subsequent remedial or reissued payment previously made restarts the statute of limitations in N.C. Gen. Stat. § 97-25.1. Plaintiff does not challenge the evidence the prior payment was actualy made by Defendants. Our Supreme Court has stated the legislative intent and purpose of adopting the Workers Compensation Act, "is not only to provide a swift and certain remedy to an injured workman, but also to *insure a limited and determinate liability for employers.*" *Barnhardt v. Yellow Cab Co.*, 266 N.C. 419, 427, 146 S.E.2d 479, 484 (1966) (citation omitted) (emphasis supplied).

¶ 38 The majority's opinion criticizes the General Assembly for "not answering a call" in a prior opinion for an amendment to N.C. Gen. Stat. § 97-25.1. This assertion is a usurpation and wholly without merit:

> [I]t is for the legislature, and not the courts, to establish
> statutes of limitations, statutes of repose, and any
> exceptions to those rules. It is not the role of the courts to
> create exceptions to the laws established by the legislature
> where the intent of the legislature is made manifestly clear
> on the face of the statute.

*Goodman v. Holmes & McLaurin Attorneys at Law*, 192 N.C. App. 467, 475-76, 665 S.E.2d 526, 532 (2008) (citation omitted). Contrary to *Goodman*, the majority's

opinion purports to add a judicially-created, but unlawful, exception to the clear legislatively established statute of limitations to now revive a claim originating seventeen years ago in 2005. As written, the majority's opinion's clear effect is *to obliterate any statute of limitations* delineated in N.C. Gen. Stat. § 97-25.1 by a tendered and undisputed prior payment. This purported attempt is outside of this Court's authority to modify or impose. *Goodman*, 192 N.C. App. at 475, 665 S.E.2d at 532. ("[I]t is for the legislature, and *not the courts*, to establish statutes of limitations, statutes of repose, and any exceptions to those rules.") (emphasis supplied). This burden rests upon the plaintiff to assert a timely claim.

### III.    Conclusion

¶ 39         The re-issuance of previously paid funds to remedy those not cashed by Plaintiff during the period of disability does not toll or restart the statute of limitations in N.C. Gen. Stat. § 97-25.1. Any notion otherwise is contrary to the stated intent and purpose of the Workers Compensation Act. *See* N.C. Gen. Stat. §97-25.

¶ 40         The majority's opinion also ignores the purpose of the Workers Compensation Act "to insure a limited and determinate liability for employers." *Barnhardt*, 266 N.C. at 427, 146 S.E.2d at 484. The majority's opinion allows a Plaintiff to re-open a seventeen-year-old claim, after undisputed evidence shows Defendants audited and merely re-issued a previously paid check. The order of the Full Commission is

properly reversed, and the cause remanded with instructions for the Commission to enter an order dismissing Plaintiff's claim.  I respectfully dissent.